SHARP, Judge.
Stein petitions this court to issue a writ of certiorari to the circuit court requiring it to reverse its affirmance of the judgment of the county court. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(B) to accept for review cases from the county courts which have been appealed to the circuit court, if we find a serious legal error has been made *1006 which has resulted in a miscarriage of justice. Combs v. State, 436 So.2d 93 (Fla. 1983). Accordingly, we accept the petition and quash the opinion of the circuit court.
The issue in this case is whether it is necessary to serve a tenant with both a five day and a twenty day summons in a proceeding brought pursuant to section 83.625, Florida Statutes (1981), in order to obtain a judgment which both evicts the tenant and awards money damages for past due rent. The county court entered a judgment for eviction and costs, but refused to enter a judgment for damages. The circuit court affirmed on the ground that only a five day summons was served on the tenants, and two summonses were required. We disagree.
In this case Ruth Stein and James and Bonnie Hubbs entered into an oral residential lease agreement with Stein as landlord, and Mr. and Mrs. Hubbs as tenants. On February 15, 1982, Stein served Mr. and Mrs. Hubbs with a three day notice, demanding that they pay the past due rent or a suit for eviction and damages would be filed. On March 4, 1982, Stein filed a two count complaint seeking eviction in Count I and damages in Count II. Two summonses were issued and served on James Hubbs on March 4, 1982, both as personal service for James Hubbs and substituted service for Bonnie Hubbs, requiring them to file an answer and appear and defend within five days.[1] The Hubbses failed to appear or defend at any time during the course of the proceedings.
On March 15,1982, a “Final Judgment of Eviction” was entered against Mr. and Mrs. Hubbs. When a writ of possession was served by posting on March 19, 1982, the Hubbs had already vacated the premises and left no forwarding address. On March 26, 1982, twenty-one days after service of process on the Hubbses, Stein filed a motion for default on the damage count of her complaint, which was entered by the clerk. On April 16, 1982, Stein moved for entry of the final judgment.
Section 83.625 provides:
Power to award possession and enter money judgment. — In an action by the landlord for possession of a dwelling unit based upon non-payment of rent, if the court finds the rent is due, owing, and unpaid and by reason thereof the landlord is entitled to possession of the premises, the court, in addition to awarding possession of the premises to the landlord, shall also direct, in an amount which is within his jurisdictional limitations, the entry of a money judgment in favor of the landlord and against the tenant for the amount of money found due, owing and unpaid by the tenant to the landlord, with costs. However, no money judgment shall be entered unless ... [certain conditions not applicable here]; and said money judgment shall not be entered earlier than the day following the expiration of the time period within which the tenant defendant would be required to file an answer or otherwise appear, were the proceeding solely an action at law to recover money damages.
This statute clearly contemplates that a landlord may combine a suit for eviction with one for damages (past due rent), and obtain one judgment for both remedies. The problem arises in calculating answer times for such combined suits.
A landlord solely seeking eviction of a tenant may, pursuant to section 83.59(2), Florida Statutes (1981), use the summary procedure provided in section 51.011, Florida Statutes (1981), under which defenses must be served within five days. But the Summary Rules are not made applicable to *1007 suits for damages (past due rent), and therefore the general provision in Florida Rule of Civil Procedure 1.140(a) controls. It allows a defendant twenty days in which to answer the pleading.
In this case, although a five day summons was served on the Hubbs, Stein did not seek a default judgment until after twenty days following service of process; and Stein’s motion for final judgment was filed forty-two days after service of process. The only limitation on money judgments in section 83.625 applicable in this case is that they cannot be entered earlier than twenty days after service of process.[2] It says nothing about requiring two separate summonses for a complaint which combines the two remedies, nor does it require that a defendant be expressly notified of the time or times within which to answer a complaint.[3] It would be duplicative of court time and costs to require service of both a five day and a twenty day summons in such cases.
We hold that a five day summons is adequate in such combined remedy suits, but that no default or final judgment on damages can be sought prior to the lapse of twenty days after service of process. During that time period, any defense filed by the tenant would be timely on the damage count. Accordingly, the circuit court opinion is quashed and this case is remanded to the county court to enter a judgment consistent with this opinion.
PETITION FOR CERTIORARI GRANTED; OPINION BELOW QUASHED; REMANDED.

. Both summonses contained the following language:
You are therefore commanded to summon the said defendant(s), and all those claiming by, through or under him to forthwith remove themselves and all other persons living at said premises, within five (5) days after service of this summons upon you, exclusive of the day of service, Saturdays, Sundays, and legal holidays, or to file the original of said written defenses with the Clerk of said Court either before service on plaintiff(s) or plaintiffs attorney or immediately thereafter. If the defendant(s) fail(s) to do so, a default will be entered against the defendant(s) for the relief demanded in the complaint.

. As noted above, Stein did not seek a default or a final judgment on money damages until after the twenty day period.

. We do not reach the question of whether a defendant might not have a right to set aside a judgment if he could show he was misled and harmed by an erroneous time notice in a summons. This problem could easily be avoided by adding an addendum to the five day summons informing the defendant he has twenty days in which to answer the money damage count.