## POLLARD v ALPERT

### Case No. NC-91-5727-RH

County Court, Palm Beach County

May 28, 1991

**APPEARANCES OF COUNSEL**

**Mary L. Pollard,** pro se.

**Chivon Alpert,** pro se.

### OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS MATTER WAS BEFORE THE COURT, pursuant to the Plaintiff's motion for a rehearing as to the Court's refusal to award monetary damages, and the Court having considered matters contained in the motion, hereby denies the motion.

The Plaintiff, Landlord, filed a one count Complaint for possession of leased residential property based upon the non-payment of rent by the Defendant, Tenant. At trial the Plaintiff prevailed and was awarded possession. However, the Court refused to award damages as there was

no demand for damages in her Complaint. The Complaint was for possession only.

The Plaintiff cites Chapter 83.625 as authority for the proposition that damages should be awarded where the Court finds that the rent is due and awards possession. However, the Plaintiff in her recitation of the above section, fails to take account of the verbiage contained therein, that:

> . . . no money judgment may be entered except in compliance with the Florida Rules of Civil Procedure. . . The Court interprets this section to require, inter alia, that the Complaint contain some demand for money damages. Rule 1.110(b)(3) states that a person's Complaint must contain, "a demand for judgment for the relief to which he deems himself entitled."

The Plaintiff, in support of her motion, also cites the case of *Stein v Hubbs,* 439 So.2d 1005 (Fla. 5th DCA 1983). However, the *Stein* case is distinguishable from the case at bar in that the Complaint therein was a two count Complaint, one for possession and the other for monetary damages.

The most basic requirement of procedural due process mandates that a Defendant be afforded notice and a hearing. The Defendant, in the case at bar, was not put on notice that money damages were being sought, since no mention thereof was made in the Complaint.

**DONE AND ORDERED** at Palm Beach Gardens, Palm Beach County, Florida, this 28th day of May, 1991.