436 So.2d 93 (1983)
Melvin J. COMBS, Petitioner,
v.
STATE of Florida, Respondent.
No. 62834.
Supreme Court of Florida.
July 28, 1983.
Howard H. Babb, Jr., Public Defender and Laura Melvin, Asst. Public Defender, Fifth Judicial Circuit, Ocala, for petitioner.
Jim Smith, Atty. Gen. and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for respondent.
*94 BOYD, Justice.
We have for review a decision of a district court of appeal, Combs v. State, 420 So.2d 316 (Fla. 5th DCA 1982), which announced as a rule of law that a district court of appeal can review by certiorari appellate decisions of circuit courts only if they have the effect of denying appellate review. Since we find this rule of law to be in direct conflict with the rule announced in Ellison v. City of Fort Lauderdale, 183 So.2d 193 (Fla. 1966), and Mathews v. Metropolitan Life Insurance Co., 89 So.2d 641 (Fla. 1956), we have jurisdiction. Art. V, § 3(b)(3), Fla. Const.; Mancini v. State, 312 So.2d 732 (Fla. 1975); Nielsen v. City of Sarasota, 117 So.2d 731 (Fla. 1960). We therefore grant the petition for review for the purpose of expunging language in the district court of appeal opinion that directly conflicts with our earlier decisions. See Government Employees Insurance Co. v. Grounds, 332 So.2d 13 (Fla. 1976).
In this case Melvin Combs was convicted in county court of driving while intoxicated. At the trial a police officer testified that while he was working on an accident report concerning a parked car, Combs approached him. The officer testified that when he asked Combs to state his business Combs said he was the driver of the vehicle that ran into the parked car. In addition, Nathan Hall, the owner of the parked car, testified that Combs admitted to backing into his truck. Combs objected to the admission of these statements on the grounds that they were made to fulfill his statutory duty to make an accident report under sections 316.063 and 316.066, Florida Statutes (1981), and were therefore privileged under section 316.066(4). The trial court overruled the objections. On appeal the circuit court affirmed, finding
that the privilege conferred by Florida Statute 316.066 prohibits only the introduction of the written report prepared by the officer investigating an accident and does not protect statements made by the Appellant to the officer. Of greater impact, however, is the fact that the statements made by the Appellant were not in response to any question propounded by the officer or Mr. Hall as the operator of the unattended, damaged vehicle; the Appellant's admissions were not in the form of a report and were spontaneous and voluntary. The Appellant was not obligated to tell either the officer or Mr. Hall that he was the driver of the vehicle involved in the accident. Under these facts the admissions, therefore, are not privileged under Florida Statute 316.066. Furthermore, it was not the intent of the Legislature to extend the Accident Report Privilege to Florida Statute 316.063. Therefore, the Appellant's admission to Nathan Hall was properly admitted into evidence as was the testimony of Officer Watson.
Combs filed a petition for writ of certiorari with the District Court of Appeal, Fifth District. In denying the petition, the district court stated:
Whether or not the county court and the circuit court were in error in their determinations regarding the admissibility of these statements is not for us to decide. Certiorari is not the vehicle for us to review alleged errors of law made by a circuit judge sitting in review of county court judgments. There is no vehicle for that review. The decision of the circuit court is final and not reviewable... .
... .
The only thing we can take by certiorari in this type of case is an alleged "departure from the essential requirements of law" which essentially amounts to violations of due process rights; that is, violations which effectively deny appellate review such as the circuit judge rendering a decision without allowing briefs to be filed and considered, a circuit judge making a decision without a record to support the decision, Lee v. State, 374 So.2d 1094 (Fla. 4th DCA 1979), or the circuit court dismissing an appeal improperly. Lynch v. State, 409 So.2d 133 (Fla. 5th DCA 1982).
420 So.2d at 317.
We find that the district court has taken too narrow a view of what constitutes a *95 "departure from the essential requirements of law." The use of this phrase has generated much confusion; we recognize that some of the confusion results from conflicting language in some earlier decisions of this Court. See City of Winter Park v. Jones, 392 So.2d 568 (Fla. 5th DCA 1980); see generally Haddad, The Common Law Writ of Certiorari in Florida, 29 U.Fla.L. Rev. 207 (1977); Rogers and Baxter, Certiorari in Florida, 4 U.Fla.L.Rev. 477 (1951). Some decisions have held that there is a difference between the standard used in granting common-law certiorari  departure from the essential requirements of law  and the standards used in reviewing legal error on appeal. See, e.g., Chicken `N' Things v. Murray, 329 So.2d 302 (Fla. 1976); American National Bank of Jacksonville v. Marks Lumber & Hardware Co., 45 So.2d 336 (Fla. 1950). Other decisions have ignored the distinctions between these two standards, using them interchangeably. See, e.g., In re Camm, 294 So.2d 318 (Fla.), cert. denied, 419 U.S. 866, 95 S.Ct. 121, 42 L.Ed.2d 103 (1974); Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972); Goodkind v. Wolkowsky, 151 Fla. 62, 9 So.2d 553 (1942); Biscayne Beach Theatre, Inc. v. Hill, 151 Fla. 1, 9 So.2d 109 (1942).
These conflicting decisions result from this Court's efforts to clothe the decisions of all appellate courts with finality while at the same time providing a means for review in those few extreme cases where the appellate court's decision is so erroneous that justice requires that it be corrected. At first, efforts were made to categorize errors reviewable by common-law certiorari by their nature. The Court stated that a writ of common-law certiorari should only be issued where there was an "illegality of procedure, not an erroneous proceeding." American National Bank of Jacksonville v. Marks Lumber & Hardware Co., 45 So.2d at 337. However, it soon became apparent that procedural errors were not the only ones so egregious as to require this Court to review an appellate court's decision. In Mathews v. Metropolitan Life Insurance Co., 89 So.2d 641 (Fla. 1956), this Court espoused
the view that the duty of a trial judge to apply to admitted facts a correct principle of law is such a fundamental and essential element of the judicial process that a litigant cannot be said to have had the "remedy, by due course of law," guaranteed by Section 4 of the Declaration of Rights of our Constitution, F.S.A., if the trial judge fails or refuses to perform that duty... . And, indeed, it is unthinkable that this court, in the exercise of its supervisory jurisdiction over other courts, could not compel adherence to a principle of law heretofore established by this court in the unlikely event that a trial judge should deliberately and consciously refuse to follow our decision, even though the trial judge's arbitrarily erroneous action in this respect had been approved and affirmed by a circuit court on appeal.
Id. at 642. Similarly, in Ellison v. City of Fort Lauderdale, 183 So.2d 193 (Fla. 1966), this Court held that the district courts of appeal should not be limited to reviewing procedural errors in granting writs of certiorari to review appellate decisions of the circuit courts. In that case, as in this one, the petitioner's conviction was affirmed by the circuit court and the district court of appeal denied certiorari on the ground that the alleged error did not pertain to the trial court's jurisdiction or the regularity of procedure. The Court quashed the district court's decision, holding that common-law certiorari can be used to review a conviction brought about by an unconstitutional ordinance.
Hence the phrase "departure from the essential requirements of law" should not be narrowly construed so as to apply only to violations which effectively deny appellate review or which pertain to the regularity of procedure. In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error. Since it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the *96 district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.
It is this discretion which is the essential distinction between review by appeal and review by common-law certiorari. See Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166 (Fla. 1974). A district court may refuse to grant a petition for common-law certiorari even though there may have been a departure from the essential requirements of law. See Mystan Marine, Inc. v. Harrington, 339 So.2d 200 (Fla. 1976). The district courts should use this discretion cautiously so as to avert the possibility of common-law certiorari being used as a vehicle to obtain a second appeal.
Although in this case the district court of appeal erred in holding that it only had jurisdiction to review violations which effectively deny appellate review, it did not err in denying the petition for common-law certiorari. The petitioner asserted that the circuit court departed from the essential requirements of law by affirming a judgment based upon statements admitted into evidence in violation of section 316.066. Petitioner correctly points out that the circuit judge was wrong in stating that the privilege conferred by section 316.066 only applies to the introduction of the written report of the investigating officer. See State v. Coffey, 212 So.2d 632 (Fla. 1968). The trial court also erred by concluding that petitioner was not obligated to tell either the officer or Mr. Hall that he was the driver of the vehicle involved in the accident.
However, the trial court did not err by concluding that the statements were not privileged under section 316.066. That section specifically provides that the privilege does not extend to statements disclosing "the identity of a person involved in an accident." See Wise v. Western Union Telegraph Co., 177 So.2d 765 (Fla. 1st DCA 1965). Since the trial court reached the right result, albeit for the wrong reasons, the affirmance of the judgment by the circuit court on appeal did not depart from the essential requirements of law. Health Clubs Inc. v. Englund, 376 So.2d 453 (Fla. 5th DCA 1979).
We therefore approve the district court's decision to deny certiorari but disapprove and expunge those statements in the opinion which conflict with this opinion.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.