DANAHY, Acting Chief Judge.
The petitioner seeks review of an appellate decision of the circuit court affirming her conviction for petit theft arising from the theft of a wallet from James Turner. The petitioner and another woman had made two visits to the motel room of James Turner on the day in question. There was no question but that the other woman snatched Mr. Turner’s wallet during the second visit to his room, which took place approximately one hour after the first visit. On both occasions, another man, a Mr. Johnson, was also present.
The petitioner was charged as a principal in the theft of the wallet from Mr. Turner. Two trials of the petitioner on that charge resulted in hung juries. In this third trial the jury found her guilty.
The victim, Mr. Turner, had stated that on the first visit to his room, the petitioner had her arm around Mr. Johnson and it looked to Mr. Turner as if the petitioner were trying to get into Mr. Johnson’s pocket. The trial judge granted a defense motion in limine to preclude such testimony by Mr. Turner at the third trial. Nevertheless, during cross-examination of Mr. Turner by defense counsel concerning the women’s second visit, the following colloquy occurred:
Q You said the girl that grabbed the wallet was not this girl?
A No, it wasn’t that girl.
Q The girl that ran away with the wallet was not that girl; is that correct?
A Right.
Q And, the only thing you saw that girl do was run?
A I seen her try to get into Earl’s wallet and he told her no.
Defense counsel objected and sought a mistrial. A mistrial was denied and the jury returned a verdict of guilty.
The petitioner appealed to the circuit court. The circuit court affirmed with the statement that “a Defendant cannot claim error when her attorney asks an unsophisticated prosecution witness the question ‘only thing you saw her do was run?’ and receives a response undesirable to Defendant, even if the trial court before trial had specifically ruled the contents of the response unadmissible.”
In Combs v. State, 436 So.2d 93 (Fla.1983), the supreme court discussed at length the scope of review by a district court of appeal on petition for certiorari to review an appellate decision of a circuit court. The court said that the district court should exercise its discretion to grant the writ only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice. We believe that the instant case presents just such a situation, and we grant the writ.
Evidence of criminal activity not charged is inadmissible if its sole purpose is to show bad character or propensity to crime. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). In Straight v. State, 397 So.2d 903 (Fla.1981), the supreme court held that if irrelevant, the admission of collateral criminal activity is presumed *477 harmful error because of the danger that a jury will take the bad character or propensity to crime thus demonstrated as evidence of guilt of the crime charged.
The Williams rule has been codified in section 90.404(2)(a), Florida Statutes (1983), which provides that:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
In Bricker v. State, 462 So.2d 556 (Fla. 3d DCA 1985), our sister court made the following comments concerning the Williams rule as codified in section 90.-404(2)(a):
The statute is calculated to prevent the unfairness of convicting the accused on the basis of a showing that he had a propensity to commit a crime such as the one charged. Evidence that the defendant has committed a similar act will frequently prompt a more ready belief by the jury that he might have committed the one with which he is charged, thereby predisposing the minds of the jurors to believe the accused guilty. For the reason that the jury will view the irrelevant evidence of the demonstrated criminal activity as evidence of guilt of the crime charged, the admission of such irrelevant evidence is presumed harmful error. Violations of the Williams rule may be considered harmless only where proof of guilt is clear and convincing so that even without the collateral evidence introduced in violation of Williams, the defendant would clearly have been found guilty.
Id. at 559 (citations omitted).
In this case, the proof of guilt against the petitioner was not so clear and convincing that the error committed may be deemed harmless. The fact that two previous trials of the petitioner resulted in hung juries clearly supports that conclusion. Thus, the petitioner did not receive a fair trial, and the affirmance of her conviction by the circuit court in its appellate capacity would result in a miscarriage of justice if not quashed by this court.
The state argues that the ruling of the trial judge in limine, to exclude the testimony of the victim that he had seen the petitioner put her arm around Mr. Johnson on the first visit and that it looked to him as if the petitioner were trying to get into Mr. Johnson's pocket, was error because that evidence was admissible. Ordinarily, we would simply say that since the state has not cross-appealed that ruling, we would not consider its argument on that point. Rule 9.140(c)(1)(H), Florida Rules of Appellate Procedure, specifically permits the state to appeal a ruling on a question of law when a convicted defendant appeals his judgment of conviction; thus it would seem the state is foreclosed from arguing that the trial court’s ruling in li-mine was error. However, our supreme court in a similar situation reviewed a trial court’s initial ruling on the admissibility of collateral crime evidence, even though the state did not cross-appeal that ruling, and found it to be in error. The court went on to hold that because the testimony could have been admitted under Williams, any error in the witness’s unsolicited answers was harmless. Medina v. State, 466 So.2d 1046 (Fla.1985). Accordingly, we'expressly note that we agree with "the trial court’s ruling in limine against the admissibility of the testimony of Mr. Turner that it looked to him as if the petitioner were trying to get into Mr. Johnson’s pocket on the first visit to the motel room occupied by Mr. Turner and Mr. Johnson.
The circuit court in its appellate review was clearly in error in affirming on a notion of invited error. The petitioner had every right to claim error in the unsolicited and previously prohibited testimony of Mr. Turner that “I seen her try to get into Earl’s wallet and he told her no.” The petitioner’s motion for mistrial should have been granted.
*478 Accordingly, we quash the affirmance of the circuit court and remand with directions that the circuit court reverse the defendant’s conviction with directions that she be afforded a new trial.
FRANK, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.