# STATE OF FLORIDA v HARVELL

## Appeal No. 86-4000 (Case No. 4149nf)

Thirteenth Judicial Circuit, Hillsborough County

May 13, 1987

## APPEARANCES OF COUNSEL

**Caroline Kapusta,** Assistant State Attorney, for appellant.

**Ricky E. Williams** for appellee.

## OPINION OF THE COURT

MANUEL MENENDEZ, JR., Circuit Judge.

This is an appeal from the County Court of Hillsborough County, Florida. The State appeals from the trial court's order granting Defendant's motion to dismiss.

The Defendant, as a consequence of a police investigation of a single car accident, was charged with driving while under the influence of alcoholic beverages (D.U.I.). Initially a police unit had been dispatched to a certain location to look for a stranded motorist. Upon arrival the police found the Defendant's motor vehicle literally wrapped around a utility pole. The Defendant was at the scene standing outside of the vehicle. No one else was present. The officers, upon observing the situation asked the Defendant, "what happened?" The Defendant replied that he had accidently hit the light pole. After investigation, the Defendant was transported to the county jail, whereupon he submitted to a breath test which showed him to have a .21 blood alcohol level.

Defendant filed a pretrial motion to dismiss, pursuant to Rule 3.190(b), Fla.R.Crim.P. In the motion, Defendant argued there was no evidence to establish he was the driver of the vehicle other than his admission, which was inadmissible by virtue of Fla. Stat. § 316.066(4). The Defendant apparently also filed a motion to dismiss pursuant to Rule 3.190(c)(4), Fla.R.Crim.P., however, this motion was never heard by the trial court. It appears that no motion to suppress Defendant's admission was ever filed.

The trial court proceeded to hold an evidentiary hearing and thereafter ruled that the provisions of Fla. Stat. § 316.066(4) precluded the State from utilizing at trial the Defendant's admission that he was the driver of the vehicle. The court further found that without such evidence the State would not be able to establish a prima facie case and thereupon granted Defendant's 3.190(b) motion to dismiss.

On appeal, counsel for both the State and Defendant, have directed the focus of their arguments to the question of whether the Defendant's admission as to being the driver of the vehicle should be suppressed as privileged under Fla. Stat. § 316.066(4). This section provides, in pertinent part:

"Each accident report made by a person involved in an accident

**129**

shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records or accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. . . . No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident. . . ."

The purpose of section 316.066 is to facilitate ascertaining the cause of accidents by requiring reports thereof. *Wise v. Western Union Telegraph Co.,* 177 So.2d 765 (Fla. 1st DCA 1965). Subsection (4) provides that such accident reports are to be privileged so as to protect the individual's constitutional rights against self-incrimination. *State v. Coffey,* 212 So.2d 632 (Fla. 1968). The privilege, however, is not without exception and is not all inclusive. The Supreme Court of Florida noted in *Combs v. State,* 436 So.2d 93 (Fla. 1983), that the statute "specifically provides that the privilege does not extend to statements disclosing the identity of a person involved in an accident". *Id.* at 96. While *Combs* may be factually distinguishable from the case *sub judice* such distinction would not affect the application of the conclusion reached in *Combs,* to the instant case to-wit: the accident report privilege of section 316.066(4) does not extend to statements which disclose the identity of persons involved in accidents. Whether such information is obtained via spontaneous statements or by responses to direct inquiries is immaterial. Accordingly, the admission of the Defendant should not be afforded any privilege under § 316.066(4).

In any event, even if Defendant's statement was privileged and were to be suppressed upon proper motion, it would appear that a motion to dismiss urged on such grounds could only be brought pursuant to a motion to dismiss under 3.190(c)(4), Fla.R.Crim.P., or on a motion for judgment of acquittal at trial. *see Gomez v. State,* 402 So.2d 1239 (Fla. 3d DCA 1981).

This court would also note that counsel for both the State and Defendant conceded at oral argument that in addition to the Defendant's admission there existed other circumstantial evidence which would establish the Defendant as the driver of the vehicle. If, there in fact exists such other evidence then dismissal under 3.190(c)(4) could not stand (assuming a prima facie case were established in all other particulars). *State v. Gutierrez,* 419 So.2d 1239 (Fla. 3d DCA 1981).

For the reasons stated herein, the Order of the trial court granting Defendant's 3.190(b) motion for dismissal is hereby reversed and the matter is remanded for further proceeding consistent with this opinion.

DECIDED at Tampa, Hillsborough County, Florida this 13th day of May, 1987.