HENDRY, Judge.
The Salvation Army (SA) seeks certiorari review of a decision by the Eleventh Judicial Circuit Court, Appellate Division,' affirming the revocation of a building permit by the Board of County Commissioners and the Zoning Appeals Board. We hold that petitioner failed to sustain its burden of showing the zoning resolution was not supported by competent, substantial evidence, and thus failed to make the required showing of Combs v. State, 436 So.2d 93, 96 (Fla.1983), that the circuit court violated a “clearly established principle of law resulting in a miscarriage of justice.”
In 1974, petitioner’s predecessor, the Per-rine Peters Methodist Church, enlisted the *612 support of neighboring homeowners to obtain a special zoning exception for the construction of a church facility. The area, zoned RU-1 Single Family, is developed with modest, well-kept, single family homes. Through provisions incorporated into a site plan and made a condition of the special exception approval, the neighbors were promised: 1) a predominantly church use; 2) in a park-like setting; and 3) conforming to a campus-like site plan. However, the contemplated church facility of six small buildings was not built. In 1984 the property was sold to SA who planned to build its South Dade Corps Complex on the property. As succeeding owner of the property, petitioner acknowledged the strict site plan limitations, but then proposed substantial changes in construction which were not in compliance with the plans approved by the county commission in 1974.
The new plans called for a community center consisting of one 9,614 square foot building housing a gymnasium where band and other programs could be conducted, and a small chapel. The building’s design called for a pitched roof approximately five stories high over a floor area comparable in size to a football field. After meeting with Building and Zoning Department representatives, SA modified its site plans in an attempt to bring them into substantial compliance with the plans approved in 1974. Forty percent of the building’s roof height was deleted, leaving a single massive structure with a relatively flat roof similar in appearance to a warehouse or armory. By contrast, the 1974 plans (designed to minimize building mass) called for a traditional, steeply inclined church roof which receded sharply from low profile exterior walls approximately one-third the height of the roof. As one of six relatively small buildings, the church and other improvements were to be scattered over the site in campus-like fashion. Despite these apparent differences, the Building and Zoning Department determined the SA plans to be in substantial compliance with the original proposal.
A neighboring homeowner requested a hearing before the Zoning Appeals Board (ZAB) contending the SA plans were not in accordance with the earlier plan approved by County Commission Resolution No. Z-295-74. The ZAB found the SA proposal had departed substantially from the approved 1974 site plan and reversed the agency decision to issue a building permit, (Resolution No. Z — 154—86). SA appealed to the County Commission. After all parties were heard, the commission voted to deny SA’s appeal and the building permit was revoked. SA appealed to the circuit court, appellate division, which affirmed the commission’s decision. This certiorari proceeding followed.
In 1983, the Supreme Court of Florida reexamined the standards which govern a district court’s review by certiorari of an appellate decision of a circuit court:
[T]he district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.
Combs, 436 So.2d at 95-96. The sole issue of this cause on appeal before the circuit court was whether SA’s site plans were in substantial compliance with those approved by the county commission in 1974.
When measured against the administrative substantial compliance regulations, the disparity between the approved plan and the proposed plan becomes apparent. Among the enumerated criteria to be considered, when determining substantial compliance, is the requirement that “there is no transfer of density from one building to another or from one stage of development to another.” (Bulletin No. 75-1-3, Metropolitan-Dade County Building and Zoning Department.) Here, the transfer of a development of six small scattered buildings in a campus-like setting into the construction of one massive structure constitutes a substantial density transposition.
Another criteria to be met is compatibility of building elevations, renderings and perspectives. After studying both site plans, an architectural expert testified that *613 the tremendous scale of the proposed SA center was incompatible with the surrounding residential area, unlike the approved 1974 plan for several smaller buildings spread throughout a campus setting which was very compatible.
In the case at bar, the county commission had previously granted a special exception conditioned upon substantial compliance with a site plan. The administrative decision challenged does not revoke the special exception, nor does it prevent SA from obtaining a building permit to build the facility approved in 1974.
In accordance with this opinion we find Zoning Resolution No. Z-154-86 is supported by substantial, competent evidence and the decision of the circuit court is in conformance with the essential requirements of law. The petition for writ of certiorari is therefore denied.
Certiorari denied.
NESBITT, J., concurs.