GARRETT, Judge.
The state appeals the trial court’s non-final order which granted appellee E.W.’s motion to suppress in the delinquency proceedings below. On the authority of In re T.K., a child, 569 So.2d 943 (Fla. 4th DCA 1990), we chose to treat the state’s notice of appeal as a petition for a writ of certio-rari, which we grant.
The state filed a petition for delinquency which alleged E.W., a child, possessed marijuana. E.W. filed his motion to suppress and at the hearing on that motion, the state presented the following undisputed facts.
Detective Reik [detective] of the Plantation Police Department conducted a surveillance of the parking lot at Universal Hospital because there had been reports of stolen automobiles. On the third day of surveillance, the detective saw E.W. drive an automobile into the parking lot and park underneath the overhang of a tree. E.W. remained in the automobile for over ten minutes, during which time E.W. reached into the back seat several times. When other automobiles came into the parking lot, E.W. stopped what he was doing.
After about 20 minutes, E.W. drove out of the parking lot and the detective drove after him. E.W. went to a warehouse area, where he got out of his automobile. The detective and another police officer got out of their automobile and approached E.W. The detective identified himself as a police officer and explained to E.W. what the police had been doing at the hospital. The detective told E.W. that they had seen him there and that they were suspicious of him. The detective then asked E.W. for identification. E.W., without hesitation, told the *1043 detective that he did not have a driver’s license. E.W. then volunteered his name and date of birth, which the detective used to run a computer check of E.W. The response indicated that there was an outstanding pick-up order for a person with E.W.’s name and date of birth. The detective then arrested E.W., conducted a search, and found the marijuana on E.W.’s person.
The state filed its notice of appeal after the trial court granted the motion on the basis that the detective “had no grounds to stop [E.W.] to start with.”
Although the state concedes that the detective did not have a founded suspicion to stop and detain E.W., we believe that Immigration and Naturalization Serv. v. Delgado, 466 U.S. 210, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984), controls. In Delgado, the Supreme Court stated:
“What is apparent from [Florida v.] Royer [460 U.S. 491, 503, 103 S.Ct. 1319, 1327, 75 L.Ed.2d 229 (1983) ] and Brown [v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979)] is that police questioning, by itself, is unlikely to result in a Fourth Amendment violation. While most citizens will respond to a police request, the fact that people do so, and do so without being told they are free not to respond, hardly eliminates the consensual nature of the response. Cf. Schneckloth v. Bustamonte, 412 U.S. 218, 231-234, 93 S.Ct. 2041, 2049-2051, 36 L.Ed.2d 854 (1973). Interrogation relating to one’s identity or a request for identification by the police does not, by itself, constitute a Fourth Amendment seizure. Unless the circumstances of the encounter are so intimidating as to demonstrate that a reasonable person would have believed he was not free to leave if he had not responded, such questioning does not result in a detention under the Fourth Amendment.
Id. at 216, 104 S.Ct. at 1762-63 [emphasis added]. The Second District in State v. Barnett, 572 So.2d 1033 (Fla. 2d DCA), review denied, 581 So.2d 163 (Fla.1991), has also held that a police officer’s request for identification from a citizen constituted a consensual encounter.
We hold that the record fails to reveal that the encounter between the officers and E.W. was “so intimidating as to demonstrate that a reasonable person would have believed he was not free to leave.” Delgado, 466 U.S. at 215, 104 S.Ct. at 1762.
Accordingly, because the trial court’s order violated “a clearly established principle of law resulting in a miscarriage of justice,” we quash the order and remand for further proceedings consistent with this opinion. See Combs v. State, 436 So.2d 93, 95 (Fla.1983).
PETITION FOR CERTIORARI GRANTED; ORDER QUASHED; AND MATTER REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
HERSEY and DELL, JJ., concur.