655 So.2d 1149 (1995)
Jerome RICH and Jodi Rich, Petitioners/Cross-Respondents,
v.
John FISHER and Kathleen Fisher, Respondents/Cross-Petitioners.
No. 94-2592.
District Court of Appeal of Florida, Fourth District.
April 19, 1995.
Rehearing and Certification Denied June 14, 1995.
Richard Tannenbaum of Shea & Tannenbaum, P.A., Palm Beach, and Bruce S. Rosenwater of Bruce S. Rosenwater & Associates, West Palm Beach, for petitioners/cross-respondents.
Michael J. Posner of Cooney, Ward, Lesher & Damon, P.A., West Palm Beach, for respondents/cross-petitioners.
KLEIN, Judge.
We deny certiorari review, because, although the circuit court, sitting in its appellate capacity, might have erred in affirming the county court's denial of prevailing party attorney's fees, this is not the type of error reviewable by a district court of appeal on common law certiorari under Florida Appellate Rule 9.030(b)(2)(B).
In Combs v. State, 436 So.2d 93 (Fla. 1983), the Florida Supreme Court established guidelines to aid district courts of appeal in reviewing petitions for certiorari from appellate decisions of circuit courts:
In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error. Since it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.
*1150 Id. at 95-96. The court also emphasized that district courts of appeal should exercise their discretion cautiously "so as to avert the possibility of common-law certiorari being used as a vehicle to obtain a second appeal." Combs, 436 So.2d at 96.
Assuming that the circuit court in the present case did not come to the correct result when it affirmed the denial of prevailing party attorney's fees, that would not be a departure from the essential requirements of law or a miscarriage of justice which would warrant certiorari review under Combs.
The entire opinion of the circuit court was as follows:
We interpret the case to involve two significant issues and that each party won one issue. The trial court determined there was no prevailing party. We agree.
If the amounts involved in the present controversy had been sufficient to put the claim or counterclaim within the jurisdiction of the circuit court, and if a district court of appeal had affirmed the circuit court in an opinion like the one rendered by the circuit court here, that would have been the end of this litigation. No further appellate review would have been available. We, therefore, see no reason for a second appeal in this case.
In Haines City Community Development v. Heggs, 647 So.2d 855 (Fla. 2d DCA 1994), the second district recently followed Combs, but noted that the Florida Supreme Court has enunciated a different standard of review where common law certiorari was sought to review a decision of a circuit court which had reviewed a decision of an administrative agency. See, e.g., Education Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106 (Fla. 1989), in which the supreme court stated that the standard of review was "whether the circuit court afforded procedural due process and applied the correct law," quoting City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla. 1982). The second district certified the issue of whether the Combs standard of review was affected by Education Development Center, as a question of great public importance, and the supreme court has granted review in Haines City Community Development v. Heggs, 650 So.2d 989 (Fla. 1995).
Although we have recently acknowledged that Combs is the applicable standard of review under these circumstances,[1] we agree that the question certified by the second district is ripe for determination since we have also been troubled by it.
We are comfortable with the principles expressed in Combs, and urge the supreme court not to expand our scope of review in these cases. There is no logical reason to allow county court litigants two opportunities for review by a higher court and circuit court litigants only one. Even with our limited jurisdiction, as established by Combs, there is still a disparity. A circuit court litigant whose appeal is affirmed without opinion by a district court of appeal is precluded from seeking review in the Florida Supreme Court. Even when the circuit court litigant is the recipient of an opinion by the district court of appeal, that litigant can only get review in the supreme court under the very limited circumstances prescribed in Article V, section 3 of the Florida Constitution. County court litigants, however, even under Combs, are not precluded from seeking review in the district court of appeal when the circuit court affirms without opinion, nor are they limited by Article V. Any modification of Combs, therefore, should limit the opportunity for a county court litigant to obtain a second appeal by certiorari in the district court of appeal.
The petition for certiorari is denied.
STONE and POLEN, JJ., concur.
NOTES
[1] See State v. Frazee, 617 So.2d 350 (Fla. 4th DCA 1993).