824 So.2d 970 (2002)
The STATE of Florida, Petitioner,
v.
John MIKETA, Respondent.
No. 3D00-2421.
District Court of Appeal of Florida, Third District.
August 21, 2002.
*971 Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, for petitioner.
Hunton & Williams and Thomas R. Julin and Eduardo W. Gonzalez and John W. Wylie, for respondent.
Before COPE, GERSTEN and GREEN, JJ.
COPE, J.
The State petitions for a writ of certiorari, whereby it seeks to quash an order of the circuit court entered in its appellate capacity. We deny the petition.

I.
The State charged defendant-respondent John Miketa with the illegal sale of fireworks to an undercover detective, in violation of section 791.02, Florida Statutes (1999). This is a misdemeanor charge, id. § 791.06, which was filed in the county court.
Defendant filed a sworn motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). It stated:
1. On April 30, 1999, Detective Alberto Ramirez came into Phantom Fireworks, located at 106150 Overseas Highway, Key Largo, Florida, where JOHN MIKETA was employed as the manager.
2. Detective Alberto Ramirez executed Phantom Fireworks'"Wholesale Verification Certificate," wherein he indicated that he was 18 years of age or older, and that he had reviewed Section 791.04 of Chapter 791, Florida Statutes, and that his purchase and use of the fireworks fell within the exceptions specified therein. A copy of the document executed by Det. Ramirez is attached hereto.... This Certificate was subsequently confiscated by Detective Ramirez....
3. After confirming that Detective Ramirez had executed the Certificate and was exempt from the provisions of 791.02, Florida Statutes, I sold to Detective Ramirez one Longhorn Beyond 2000 # 900 Aerial Salute and one Black Cat Brand Aerial Shower.
4. At no time during the conversation that JOHN MIKETA had with Detective Ramirez on April 30, 1999, did he indicate his purpose or intended use of the fireworks. Additionally, at NO time did Det. Ramirez advise JOHN MIKETA:

*972 A) That he was not a wholesaler, manufacturer or distributor of fireworks;
B) that he did not hold a permit from the board of county commissioners for a display of fireworks covered by such permit;
C) that the fireworks would not be used by a railroad or other transportation agency for signal purposes or illumination
D) that the fireworks would not be used in quarrying or for blasting of other industrial use;
E) that the fireworks would not be used for signal or ceremonial purposes in athletics or sports, or for use by military organizations, or organizations composed of the Armed Forces;
F) that the fireworks would not be used for frightening birds from agricultural works and fish hatcheries.
5. In fact, JOHN MIKETA advised Det. Ramirez that the law does not provide any exemption for the personal use of fireworks.
6. When Det. Ramirez asked JOHN MIKETA if he could "go home and shoot them off," JOHN MIKETA advised him that he could not; and that he needed to read the law to determine if he qualified for any exemption to the statute.
The certificate signed by the undercover officer stated:

PHANTOM FIREWORKS WHOLESALE VERIFICATION CERTIFICATE
I Acknowledge and agree that:
 I am eighteen (18) years of age or older.
 I have reviewed Section 791.04 of Chapter 791, Florida Statutes, and my purchase and use of the fireworks falls within the exceptions specified therein.
 The seller is not responsible for any damages or injuries caused by the use, misuse, improper use, or illegal use of the fireworks. I will indemnify and hold the seller harmless from any claims brought as a result of such damages and injuries.
 No representations, either oral or implied, other than those set forth above, have been made by any parties to this transaction.
The statute referenced by the foregoing documents is section 791.04, Florida Statutes. It provides:
791.04 Sale at wholesale, etc., exempted. Nothing in this chapter shall be construed to prohibit any manufacturer, distributor, or wholesaler who has registered with the division pursuant to s. 791.015 to sell at wholesale such fireworks as are not herein prohibited; to prohibit the sale of any kind of fireworks at wholesale between manufacturers, distributors, and wholesalers who have registered with the division pursuant to s. 791.015; to prohibit the sale of any kind of fireworks provided the same are to be shipped directly out of state by such manufacturer, distributor, or wholesaler; to prohibit the sale of fireworks to be used by a person holding a permit from any board of county commissioners at the display covered by such permit; or to prohibit the use of fireworks by railroads or other transportation agencies for signal purposes or illumination or when used in quarrying or for blasting or other industrial use, or the sale or use of blank cartridges for a show or theater, or for signal or ceremonial purposes in athletics or sports, or for use by military organizations, or organizations composed of the Armed *973 Forces of the United States; provided, nothing in this chapter shall be construed as barring the operations of manufacturers, duly licensed, from manufacturing, experimenting, exploding, and storing such fireworks in their compounds or proving grounds.
The county court granted the motion to dismiss and the State appealed.[1] The circuit judge affirmed with an order which stated:
F.S. 791.04 provides exemption for numerous types of sales. No procedure, duty or criteria of any kind is specified for determining the existence or validity of a claimed exemption. Other Florida Statutes specifically spell out what is required. See: F.S. 893.02(19) "... pharmacists shall obtain proof ... of the validity of said prescription." F.S. 562.11(1)(b) listing forms of identification to be checked to determine age for purchase of alcohol. F.S. 790.065(1)(a) requiring completion of a detailed state issued questionnaire and inspection of a photo I.D. for purchase of a firearm.
In the case, sub judice, the purchaser signed a certificate saying he had read the statute and he comes within one of the exceptions.
The statutory exemptions are numerous and vague. Legal sales include purchases by:
1. Wholesalers and distributors
2. County permit holders
3. Users for illumination and signaling by railroads
4. Users for industrial purposes
5. Sport events
6. Ceremonial purposes
7. Frightening birds from agricultural works
The [purchaser] said, in writing, that he comes under one of the above. The statute requires nothing more. No crime was committed.
(Citations omitted).
The State has petitioned for a writ of certiorari.

II.
We conclude that the petition for writ of certiorari must be denied.
After the adverse ruling in the county court, the State exercised its right to a direct appeal to the circuit court. From an adverse ruling in the circuit court, the State now seeks certiorari review here.
Certiorari jurisdiction is to be sparingly invoked, where the district court of appeal is asked to review a decision of the circuit court sitting in its appellate capacity. See Ivey v. Allstate Insurance Co., 774 So.2d 679, 682-83 (Fla.2000); Haines City Community Development v. Heggs, 658 So.2d 523, 529-31 (Fla.1995).
The Ivey opinion states:
It is well-established that certiorari should not be used as a vehicle for a second appeal in a typical case tried in county court. Kennington v. Gillman, 284 So.2d 405 (Fla. 1st DCA 1973). When issuing this writ, district courts are guided by the bookend discussions in Combs v. State, 436 So.2d 93 (Fla.1983), and Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995). In essence, the supreme court has cautioned the district courts to be prudent *974 and deliberate when deciding to exercise this extraordinary power, but not so wary as to deprive litigants and the public of essential justice.

Combs and Heggs analyze the district courts' power over a "second appeal" certiorari in terms of discretion. Thus, these cases recognize that the district courts have jurisdictional power to review a circuit court decision in its appellate capacity. The controlling question is whether the discretion given to the district court under the limited standard of review provided by a petition for writ of common law certiorari is sufficient to authorize a remedy for the error committed in this case.
Existing case law establishes that the departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than a simple legal error. Both Combs and Heggs suggest that the district court should examine the seriousness of the error and use its discretion to correct an error "only when there has been a violation of [a] clearly established principle of law resulting in a miscarriage of justice." Heggs, 658 So.2d at 528 (quoting Combs v. State, 436 So.2d 93, 95-96 (Fla.1983)).
774 So.2d at 682.
In the present case, the State's petition for writ of certiorari asks this court to impose a due diligence requirement on the sellers of fireworks. The State argues that when a purchaser of fireworks executes an affidavit like that involved here, the seller of fireworks must request further documentation to establish that the transaction is, in fact, exempt.
Both the county court and circuit court declined to impose such a requirement. They reasoned in essence that this is a penal statute, and neither court was disposed to create a verification requirement (such as now exists for the sale of alcoholic beverages) which is not spelled out in the statute itself. If there are to be mandatory verification requirements (such that failure to follow them would be a crime), then those requirements should be placed in the statute by the legislature rather than imposed by court decision.
We conclude that the order now before us does not depart from the essential requirements of law. The State may, of course, present the issue to the legislature for its consideration.
The petition for certiorari is denied.[2]
NOTES
[1] The State attached to its traverse an undercover recording made by the detective on a different date, wherein the seller referred to the "Wholesale Verification Certificate" as something which "gets around the law a little bit." The county court struck the affidavit because the recording was not made in the present case. The State did not pursue a challenge of that ruling, and we do not consider it here.
[2] Speaking just for himself, the writer of this opinion would make the following observation. It would seem a matter of common sense that the sale of two firecrackers to a walk-in customer cannot be an exempt transaction, regardless of what the affidavit says, and that a reasonable retailer of fireworks would know this. Two firecrackers is not a wholesale amount, nor an amount which a local government would purchase to put on a fireworks show, nor a commercial quantity which might be employed by a railroad, quarry, or other enterprise. See § 791.04, Fla. Stat. Presumably persons with expertise would supply affidavits in support of a traverse so stating. If a reasonable retailer of fireworks would realize that the transaction is not exempt and the affidavit is untrue, then a verified motion to dismiss like the one now before us should be denied, and the case should proceed to the jury. See State v. Ortiz, 766 So.2d 1137, 1142 (Fla. 3d DCA 2000). No such traverse, or argument, has been presented in the present case. Further, since the affidavit indicates a wholesale transaction, the question how a fireworks sale was treated for sales tax purposes may be instructive. See 54 Fla. Jur.2d Taxation § 3492 et seq. (1999); 55 Fla. Jur.2d Taxation § 3612 (1999).