WARNER, J.
Thomas Edge brings this petition to review the denial of his petition for habeas corpus, which alleged ineffective assistance of appellate counsel in the circuit court appeal of his conviction for driving under the influence.[1] While appellate counsel’s performance was deficient, Edge did not show'that the appellate process was compromised because the issue foreclosed by counsel’s performance was without merit.
Edge was arrested for driving while intoxicated. He moved to suppress evidence on the ground that the police stopped him without reasonable suspicion. The court did not make any' findings or rulings at the suppression hearing. However, a notation by the' deputy clerk indicates that the motion was denied. Later, Edge pled guilty to the charged crime, reserving his right to appeal the order denying the suppression.
*612 In the appeal, Edge’s attorney failed to provide a transcript of the plea hearing as part of the record. Because the record contained nothing to support Edge’s claim that he had reserved his right to appeal the denial of the suppression motion, the circuit court, sitting in its appellate capacity, affirmed. It wrote an opinion- basing the affirmance on Edge’s failure to show that he had reserved the right to appeal the suppression order. Edge filed a petition for writ of certiorari in this court, and we denied the petition without prejudice to Edge filing a petition alleging ineffective assistance of appellate counsel.
Taking the cue from this court, Edge filed a petition pursuant to Florida Rule of Appellate Procedure 9.141(c), in which he alleged that appellate counsel was ineffective for failing to include the transcript of the plea hearing in the record. Without evidence demonstrating Edge reserved his right to appeal the denial of his motion to suppress, the circuit court, sitting in its appellate capacity, was unable to address the merits of his appeal.
The state responded to the petition alleging, among other things, that Edge had failed to show that counsel’s deficiency compromised the process to such a degree as to undermine the result, because the issue Edge intended to raise on appeal had no merit. The court summarily denied the petition.
Our review of the circuit court’s ruling is limited to a determination of whether the circuit court afforded petitioner due process or departed from the essential requirements of law. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). To constitute a departure from the essential requirements of law, the’ error must be more than a mere legal error. It must result in a miscarriage of justice. See id. at 528-29; see also Combs v. State, 436 So.2d 93, 95-96 (Fla.1983).
In analyzing the question of 'ineffectiveness of appellate counsel, the criteria for proving ineffectiveness is similar to that imposed in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Wilson v. Wainwright, 474 So.2d 1162, 1163 (Fla.1985). Our supreme court concluded in Rutherford v. Moore, 774 So.2d 637, 643 (Fla.2000), that this requires both deficient performance and compromise of the appellate process to’the extent that the result would have beén different. If a legal issue is without merit, then 'counsel’s failure to raise the issue cannot be said to have compromised the result. See 774 So.2d at 643.
Here, there can be no question that appellate counsel’s performance was deficient because he failed to include the transcript of the plea hearing at which Edge reserved the right to appeal the suppression issue. This failure resulted in an affirmance of Edge’s conviction.
Despite counsel’s failure, however, we cannot say that the court departed from the essential requirements of law in denying the petition because Edge has failed to show that the deficiency would have ultimately changed the result. The legal issue regarding whether the officer had reasonable suspicion to stop Edge requires the application of the- law to the facts. Here, Edge complains that the stop was the result of information from an anonymous tipster that Edge was drunk and about to drive away in his vehicle. While the state suggests that: the tipster was more like the “citizen informant” whose information was a ground for the stop in Carattini v. State, 774 So.2d 927 (Fla. -5th DCA 2001), the officer also testified that he observed Edge prior to the stop. His observations tended to corroborate what the citizen told him regarding Edge’s condition. See J.L. v. State, 727 *613 So.2d 204, 206-07 (Fla.1998) (stating that reliability of anonymous tip can be established by police officer’s observations of suspicious activity corroborating tip). The stop was based upon both the information from the citizen’s tip as well as the officer’s observation. The circuit court could have concluded that the issue regarding the suppression was without merit such that it would not require reversal of Edge’s conviction. Therefore, any deficiency of appellate counsel did not undermine the ultimate result.
The petition for writ of certiorari is denied.
STONE and KLEIN, JJ., concur.

. Although this was filed as an appeal of a denial of habeas corpus, the petition was filed pursuant to Florida Rule of Appellate Procedure 9.141(c)(2) in the circuit court, acting in its appellate capacity. "Petitions seeking belated appeal or alleging ineffective assistance of appellate counsel shall be filed in the appellate court to which the appeal was or should have been taken.” We review rulings of the court sitting in its appellate capacity by writ of certiorari. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995).