FARMER, J.
Petitioners Lackehart and BMS, respectively the seller and buyer of commercial property near a railroad, seek our discretionary review of two orders by the circuit court reviewing by certiorari decisions of the City of Fort Lauderdale relating to its building regulations. The City Commission refused to approve petitioners’ development plans in spite of the fact that the City’s Board of Adjustment (BOA) and staff had found the proposed development in compliance with City law. In one order on review, the circuit court refused to require the City to follow its own law and thereby approve the plans. In the other order, the court granted respondent McCraw’s petition to overturn the BOA decision approving the plans. We conclude that the court departed from the essential requirements of law, causing a substantial injustice.
Petitioners sought the City’s-approval of plans to build a self-storage facility on the subject parcel. The plain text of one specific City ordinance would allow a self-storage facility unconditionally on any land within 60 feet of the right-of-way of a railroad. Another ordinance would generally allow self-storage facilities anywhere within the City but only under limitations that would be disqualifying in this instance. Again, it is undisputed that the site is within 60 feet of the railroad right-of-way. The dispute centers on the meaning of the City’s regulations.
The City’s land development regulations (LDR) follow a pattern of dividing the allowable kinds of development permitted in specific development districts into two headings: those that are “permitted uses” and those that are “conditional uses.” [e.s.] For our purposes, the essential difference between permitted uses and conditional uses is that a permitted use is the primary or only use in a qualifying development and will be allowed as a matter of right upon compliance with all other ordinances. In contrast, a conditional use may be utilized only secondarily to a permitted use and is subject to some discretion of the City as to whether or how such a conditional use might be allowed on a given parcel.
The City’s LDR also contains a hierarchy of interpretive and regulating authority. Initially, a single official, called the Zoning Administrator, is empowered to interpret the LDR with regard to a given application for approval to build. His decision is appealable to the BOA, which is empowered to overrule the Zoning Admin *11 istrator. Although a decision of the BOA, in turn, may be appealed to the City Commission, the BOA decision may be overruled by the City Commission only by a supermajority vote of 5 of its 7 members.
The ordinances for the subject zoning district in the LDR had two separate entries for self-storage, one of them under the heading of permitted uses, and one of them under the heading of conditional uses. The entry under the permitted use heading was connected to an asterisk, saying “Permitted only when contiguous to or separated by no more than a 60 foot public right-of-way for a railroad right-of-way.” LDR § 47-13.A.12. Then in a subheading under permitted use, these words appear: “Self Storage Facility, see Sec. 47-18.29.” LDR § 47-13.A.12.b. The referenced ordinance, section 47-18.29, provides that self-storage facilities shall be allowed only as a secondary use to a permitted use and then only under restrictive conditions. LDR § 47-18.29.B.1. In short the two ordinances reasonably appear to be in conflict — although one is specific for inner city development zones within 60 feet of railroad right-of-way, while the other generally applies throughout such zones. The zoning administrator resolved the conflict between section 47-13.A.12 and section 47-18.29.B.1 by reading the railroad right-of-way as a specific provision and the other as a general provision intended to apply to such zones not within 60 feet of the railroad right-of-way.
Respondent McCraw appealed that ruling to the BOA, which affirmed the decision of the zoning administrator allowing the proposed development. McCraw then petitioned the circuit court for certiorari review of the BOA decision. While his petition for certiorari was pending, he also appealed the same issue to the City Commission, whom he asked to overturn the decision of the BOA. The City Commission voted 4-3 to reverse the BOA and deny approval of petitioners’ plans. At the same time, the City Commission also voted not to allow the proposed development even as a permitted use. At that point, the seller and buyer filed a petition in the circuit court to review the Commission’s actions.
Local law clearly provides that the City Commission may overrule a decision of the BOA only upon a vote of five commissioners. Here the vote failed to carry the requisite supermajority. When local ordinances provide for the exercise of quasi-judicial powers of review by the governing boards and commissions of local governments in such clear terms, a reviewing court violates fundamental fairness and perpetrates a substantial injustice in holding otherwise. Essentially the circuit court concluded that the City had the discretion under its LDR to deny an application to build a self-storage facility even within 60 feet of railroad right-of-way. Because of the supermajority requirement of 5 votes being necessary to reverse the BOA, however, the vote of the City Commission is ineffective to reverse the BOA decision. The circuit court erred in finding discretion in this instance because the City’s LDR lays down an explicit rule permitting such a use near railroad right-of-way without any showing beyond compliance with other regulations. Therefore the circuit court departed from the essential requirements of law in its limited review capacity, causing a substantial miscarriage of justice.
Second-tier certiorari review of land use decisions by local government entities is limited to deciding whether the lower court departed from essential requirements of law, violating clearly established principles of law resulting in a miscarriage of justice. Broward County v. G.B.V. Int’l Ltd., 787 So.2d 838, 844 (Fla. *12 2001); see also Combs v. State, 436 So.2d 93, 96 (Fla.1983) (“The district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.”). Under Broward County v. G.B.V. International, our very limited power of certiorari review does not extend to directing that any particular action be taken, but is limited to quashing the orders under review. 787 So.2d at 844. Accordingly we quash the orders under review.

Certiorari granted; orders quashed.

TAYLOR and MAY, JJ., concur.