THOMAS, J.
 

 Petitioner seeks a writ of certiorari to review an order of the circuit court which, while sitting in its appellate capacity, affirmed a county court order denying her motion to suppress and affirming her DUI conviction. We have jurisdiction.
 
 See
 
 Fla. R.App. P. 9.030(b)(2)(B). Petitioner argues that the denial of her motion to suppress was error, because it was based on evidence that was not presented to the trial court until after the evidentiary hear
 
 *719
 
 ing; thus, her due process rights were violated because she was not afforded the opportunity to challenge the authenticity, continued validity, or statutory compliance of the evidence. For the reasons explained below, we agree and grant the petition.
 

 Factual Background,
 

 Petitioner was arrested for driving under the influence by the Jacksonville Sheriffs Office (JSO). This arrest was precipitated by a traffic stop conducted by an off-duty Atlantic Beach police officer while driving home in a marked patrol vehicle after his shift ended. The officer was outside of the Atlantic Beach city limits from the time he first observed Petitioner up through the time he pulled her over. Upon stopping Petitioner, the officer called for back-up from the JSO and then proceeded to conduct the traffic stop based on his suspicion that Petitioner was driving under the influence. The officer detained Petitioner until a JSO deputy arrived. He informed the deputy of his observations and then left the scene. The deputy conducted an investigation, which led to Petitioner’s arrest.
 

 In the county court proceedings, Petitioner sought to suppress all evidence flowing from the traffic stop, asserting that the traffic stop was conducted by an off-duty police officer acting outside of his jurisdiction, rendering the stop illegal. Near the conclusion of the evidentiary hearing, the State announced its belief of a Mutual Assistance Agreement (Agreement) between the Atlantic Beach Police Department and the JSO which authorized the police officer to conduct the traffic stop. The State requested leave to “supplement the evidence” and submit the Agreement. The court expressed reservations because it entailed presenting post-hearing evidence, and asked the State what it wanted; the State responded that it would “like to be able to submit the case law to you.... ” The court agreed, and gave Petitioner leave to supplement a memorandum of law. The court made no explicit ruling on whether the State could submit the Agreement.
 

 The State submitted its memorandum to the trial court and attached the Agreement. Petitioner’s response included a motion to strike the Agreement because it was not presented at the hearing and was not properly entered into evidence. In its order denying Petitioner’s motion, the court noted that although the Agreement was not presented at the time of the hearing, the Agreement was considered in reaching its decision. The trial court also denied the motion based on the State’s argument that the Atlantic Beach officer’s actions were akin to a citizen’s arrest. Subsequently, Petitioner entered a no contest plea subject to her right to appeal.
 

 Petitioner appealed the trial court’s denial of her motion to suppress to the circuit court. In its order, the circuit court rejected the trial court’s findings with respect to a citizen’s arrest, but affirmed the denial of Petitioner’s motion to suppress based on the Agreement. The court addressed Petitioner’s argument that the trial court erred by considering the Agreement, finding:
 

 While the State’s actions were proeedurally improper ... this error was harmless ... because this court conducts a de novo review of the meaning of the terms in the mutual aid agreement, as it would whenever the terms of an agreement are at issue. Thus, this court has had the opportunity to consider Appellant’s arguments fully and does not have to ... defer to the trial court’s ruling on the scope of the mutual aid agreement and its effect on the legality of Appellant’s arrest.
 

 
 *720
 
 The circuit court also found that the State was not required to authenticate the document before submitting it to the trial court because “the same rules of evidence governing criminal jury trials are not generally thought to govern hearings before a judge to determine evidentiary questions.” The court further found that the trial court was free to accept the Agreement, examine it, and give it such weight as he thought it deserved. The circuit court affirmed the trial court’s denial of Petitioner’s motion to suppress.
 

 Analysis
 

 Generally, when reviewing decisions by circuit courts acting in their appellate capacity, this court considers whether the circuit court departed from the essential requirements of law. As explained in
 
 Ivey v. Allstate Insurance Co.,
 
 however:
 

 In
 
 Haines City Community Development v. Heggs,
 
 658 So.2d 523, 525 (Fla.1995), we clarified and narrowed the scope of common law certiorari jurisdiction by noting that “[a] decision made according to the form of the law and the rules prescribed for rendering it, although it may be erroneous in its conclusion as applied to the facts, is not an illegal or irregular act or proceeding remedial by certiorari.” Instead, we held that the proper inquiry under cer-tiorari review is limited to whether the circuit court
 
 afforded procedural due process
 
 and whether it applied the correct law.
 

 774 So.2d 679, 682 (Fla.2000) (emphasis added).
 
 See also Combs v. State,
 
 436 So.2d 93, 95 (Fla.1983) (holding that, when considering common law certiorari, appellate courts reviewing orders of circuit courts acting in their appellate capacity should be primarily concerned with the seriousness of the error, not the mere existence of error, and should exercise cer-tiorari discretion only when there has been a violation of clearly established principles of law resulting in a miscarriage of justice). “[District courts should use this discretion cautiously so as to avert the possibility of common-law certiorari being used as a vehicle to obtain a second appeal.”
 
 Id.
 
 at 96.
 

 Here, the circuit court acknowledged that the State’s submission of the Agreement after the close of evidence was improper because it “foreclosed Appellant’s counsel at the trial level from meaningfully considering its legal effect on the officer’s jurisdiction and making substantive arguments to the trial court.... ” This amounts to an acknowledgment that Petitioner was denied due process, yet the circuit court ruled that the error was harmless. We cannot agree under the test of
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1138 (Fla.1986). Although harmless error is generally a valid basis for affirming an otherwise tainted judgment, this principle reaches its limit when it results in a miscarriage of justice.
 
 See
 
 § 59.041, Fla. Stat. (providing that judgments in civil or criminal cases may not be set aside due to improper admission of evidence unless the error results in a miscarriage of justice). Considering the circuit court’s rejection of the State’s citizen’s arrest theory, and the dis-positive nature of all the evidence that flowed from the traffic stop, it is clear that Petitioner would not have been adjudicated guilty were it not for the improper consideration of the Agreement.
 
 In re J.M.M.,
 
 795 So.2d 1034, 1036 (Fla. 2d DCA 2001) (denial of due process to consider evidence not addressed at trial). This denial of due process resulted in a miscarriage of justice.
 

 We are mindful of the strict limits imposed on us when reviewing orders rendered by the circuit courts acting in their appellate role. Here, however, because
 
 *721
 
 the trial court’s actions deprived Petitioner of her due process right to challenge the Agreement’s authenticity, continued operational effect, and statutory compliance, Petitioner is entitled to the extraordinary relief of certiorari.
 

 Conclusion
 

 Petition for writ of certiorari is GRANTED. The order denying Petitioner’s motion to suppress is quashed, and we remand for proceedings consistent with this decision.
 

 KAHN and ROWE, JJ., concur.