# Third District Court of Appeal

## State of Florida

Opinion filed April 21, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-741
Lower Tribunal No. 19-16457
_____

**City of Sweetwater, et al.,**
Petitioners,

vs.

**Jose Mejia,**
Respondent.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Kelley Kronenberg, and Marina Gonzalez (Fort Lauderdale) and David S. Henry (Fort Lauderdale), for petitioners.

Jose Mejia, in proper person.


Before EMAS, C.J., and LINDSEY and BOKOR, JJ.

PER CURIAM.

Petitioners seek certiorari relief from a series of orders of the trial court denying an extension of discovery past the court-imposed discovery cut-off.[1] Certiorari requires a showing of a (1) departure from the essential requirements of the law; (2) resulting in material harm or injury for the remainder of the case; (3) that cannot be remedied on plenary appeal. See Reeves v. Fleetwood Homes of Florida, Inc., 889 So. 2d 812, 822 (Fla. 2004).

Denying a party a timely extension to obtain necessary, material discovery that, through no fault of its own, the party was unable to obtain during the discovery period may constitute a departure from the essential requirements of the law resulting in material harm that cannot be cured at the end of the case on appeal. However, this isn't that case. A review of the record and the hearing transcript for the January 29, 2021 summary judgment hearing shows that the petitioners actively opposed an extension sought by the respondent and noted that the "the deadline for fact discovery was today, and Plaintiff [Respondent] had very ample opportunity to do that and to proceed, but he chose not to." At some point after the trial court continued the summary judgment hearing, the petitioners decided

_____

[1] Petitioner appeals the February 9, 2021 denial of the January 29, 2021 joint motion for extension as well as the February 12, 2021 omnibus order denying, inter alia, the February 10, 2021 motion for reconsideration.

they also needed additional discovery and filed a joint motion for extension of time later that same day (January 29). However, despite the more fulsome explanation provided in the instant petition, the petitioners never explained to the trial judge in the motion why it needed the discovery, from whom it needed the discovery, or why the relief from a court deadline would be appropriate under the circumstances. Instead, the motions provide boilerplate legal standards for such an extension. For example, the extent of the basis for the continuance was one line stating that "[t]he parties have agreed that there is limited discovery that still needs to be completed." The motion for reconsideration spends several pages explaining to the trial court that it could grant the extension but fares no better than the initial motion in explaining why it should. The trial judge denied the joint motion for an extension and sua sponte denied the motion for reconsideration without a hearing.[2]

---

[2] The motion for extension and motion for reconsideration fail to explain to the trial court the import of the discovery sought, the need for the discovery, or offer any sort of explanation as to why this was not accomplished during the discovery period despite diligent efforts. The fact that the petitioners make such motions after opposing respondent's ore tenus request for additional discovery at the summary judgment similarly goes unexplained. Accordingly, it is a heavy lift to conclude, as petitioner does, that the failure to grant such motions constitutes a departure from the essential requirements of the law. We also note that even if we found such a departure, which we do not, we would nonetheless decline to exercise our discretion as there is no indication that the purported error would result in a

While the trial court could have granted the extension (and perhaps the better practice would have been to do so) we review only to determine if such denial constituted a departure from the essential requirements of the law. Based on the petitioners' actions opposing an extension during the summary judgment hearing and the paucity of information presented to the trial judge in the subsequent motion to extend the deadline and motion for reconsideration, we conclude that the trial judge's declining to extend the discovery deadlines did not constitute a departure from the essential requirements of the law.

Petition denied.

---

"miscarriage of justice." <u>Haines City Comm. Dev. v. Heggs</u>, 658 So. 2d 523, 528 (Fla. 1995) (quoting <u>Combs v. State</u>, 436 So. 2d 93, 95-96 (Fla. 1983)).