802 So.2d 453 (2001)
Nelson ROBLES and Ana Isabel Robles, individually and as parents of Marlon Robles a minor, Appellant,
v.
METROPOLITAN DADE COUNTY, Appellee.
No. 3D01-347.
District Court of Appeal of Florida, Third District.
December 19, 2001.
Deutsch & Blumberg and James C. Blecke, Miami; Charles B. Patrick, Miami, for appellants.
Robert A. Ginsburg, Miami-Dade County Attorney, and Thomas H. Robertson, Assistant County Attorney, for appellee.
Before COPE, FLETCHER and RAMIREZ, JJ.
COPE, J.
This is an appeal of a summary final judgment in a personal injury action arising out of a school bus hijacking. A police officer shot the hijacker and flying debris hit one of the children, causing the child to lose the eyesight in one eye.
The parents brought suit against Miami-Dade County on their own behalf and on behalf of the minor child. They alleged that the police officer was negligent in deciding to shoot the hijacker at that time. The trial court entered summary judgment in favor of the County and the plaintiffs have appealed.
We entirely agree with Judge Bloom that the County was entitled to summary judgment under the facts of this case. As explained by Judge Bloom's order:

*454 1. In November of 1995 a man later identified as Nicholas Sang boarded a school bus and commandeered the school bus, in effect, hijacking it for his own purposes. At the time of commandeering the school bus, he made threats to the driver and to an adult aide and to a parent on board the school bus. Based on these threats, the adults on the school bus believed that Mr. Sang was armed and that he was potentially carrying a bomb or other explosive device.
2. At some point thereafter the police were notified of the bus hijacking, including the information concerning Mr. Sang being armed and the possible presence of an explosive device on the school bus. At the start of the hijacking there were 13 children with varying disabilities and 3 adults on board the bus; and at the end there were 10 children and 1 adult, not including the hijacker.
3. During the course of the bus hijacking, the bus drove from the Palmetto expressway and Miller Drive up to [State Road] 836 and subsequently across to Miami Beach where it went to the location of Joe's Stonecrab Restaurant.
4. During the time that the bus was driving from the Palmetto Expressway onto [State Road] 836 and over to the Joe's Stonecrab location, the hijacker released the bus aide and the one parent held on the bus. Both of these people relayed to police that Mr. Sang had threatened them and one indicated that Mr. Sang was potentially armed with an explosive device.
5. Prior to the bus arriving at Joe's Stonecrab, Officer Joe Derringer, a police sharpshooter, set up at a location near the entrance to the restaurant so that he could observe the actions of Mr. Sang. After the bus arrived at Joe's Stonecrab it continued down the street to the location where Officer Derringer was set up and [stopped] within thirty feet of Officer Derringer. At that time Officer Derringer observed Mr. Sang looking directly at him and making a sudden unexpected move with his hands. At that point, Officer Derringer feared for his life and the life of the children on the bus and fired his weapon at Mr. Sang.
6. As a result of having fired the shot, Mr. Sang was struck by the bullet. Plaintiff Marlon Robles was struck by glass or metal, which was debris thrown off by the gunshot and he was injured in his eye.
7. There is no contradiction concerning the facts of how this event occurred and the only conflicting testimony is the opinions of the experts as to whether or not the actions of Officer Derringer constituted negligence.
8. According to the testimony of Plaintiffs' expert, Michael Cosgrove, Officer Derringer's decision to shoot was negligence and he should not have fired his gun. Cosgrove agreed that there was nothing improper concerning Officer Derringer's choice of location, weapon or any other action on the part of Officer Derringer except his decision to fire his weapon at Mr. Sang. Cosgrove's testimony further asserted that the circumstances facing the police officer constituted and were a serious emergency which had been thrust upon the police by the lawbreaker, Mr. Sang; and that at the time of firing his weapon, Officer Derringer had to choose between different actions, each of which posed a potential threat to the public.
The Supreme Court of Florida in the case of City of Pinellas Park v. Brown, 604 So.2d 1222 (Fla.1992) set forth the standard that "certain police actions *455 may involve a level of such urgency as to be considered discretionary and not operational." City of Pinellas Park, 604 So.2d at 1227. The Court went on to explain that the circumstances which would allow sovereign immunity to occur were such that the "serious emergency must be one thrust upon the police by lawbreakers or other external forces, that requires them to choose between different risks posed to the public. In other words, no matter what decision police officers make, someone or some group will be put at risk; and officers thus are left no option but to choose between two different evils. It is this choice between risks that is entitled to the protection of sovereign immunity in appropriate cases, because it involves what essentially is a discretionary act of executive decision making." Id. at 1227.
Affirmed.