CANADY, J.,
concurring in result only.
Although I agree that the decision on review should be quashed, I disagree with the analysis employed by the majority. I would quash the Third District’s decision simply because there was no basis for the Third District to determine that the circuit court’s denial of summary judgment constituted a departure from the essential requirements of law.
I am inclined to agree with the Third District’s analysis regarding the proper scope of the emergency exception from the waiver of sovereign immunity. But the issue on which this case properly turns is not whether the Third District correctly applied the emergency exception. Instead, the issue is whether the Third District could properly conclude that the circuit court departed from the essential requirements of law.
A determination that the circuit court departed from the essential requirements of law in failing to apply the emergency exception is unwarranted because the scope of the emergency exception remains ill-defined in the Florida case law. Although the emergency exception is mentioned in the majority opinion in Kaisner v. Kolb, 543 So.2d 732, 738 n. 3 (Fla.1989), and in the plurality opinion in City of Pinellas Park v. Brown, 604 So.2d 1222, 1227-28 (Fla.1992), neither of those cases contains any holding regarding the emergency exception. The Third District’s decision in Robles v. Metropolitan Dade County, 802 So.2d 453, 454 (Fla. 3d DCA 2001), does contain such a holding, but the factual context of that case — which involved the hijacking of a school bus in which the hijacker was “potentially armed with an explosive device” — is quite dissimilar from the factual context here. Given the state of the case law, the Third District had no basis for determining that the circuit court departed from the essential requirements of law. Such a determination is warranted “only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.” Combs v. State, 436 So.2d 93, 96 (Fla.1983). There is no “clearly established principle of law” that would require application of the emergency exception to *410 a factual situation like the one presented by this case. Id. Accordingly, the decision of the Third District should be quashed.
I disagree with the majority’s conclusion that legal immunity from suit is not a proper basis for determining that the jurisdictional requirements for certiorari are satisfied. Once it is legally established that the statutory waiver of sovereign immunity is inapplicable, the sovereignly immune entity is both immune from liability and immune from suit. At that point, the erroneous continuation of legal proceedings against the immune governmental entity constitutes irreparable harm because the full benefit of the legal immunity from suit cannot be restored on appeal. The Court has never offered any cogent explanation of why the violation of immunity from suit does not constitute irreparable harm. The Court’s attempt to provide an explanation in Citizens Property Insurance Corp. v. San Perdido Ass’n, 104 So.3d 344, 355 (Fla.2012), illogically rests on the assertion that if an immune party was allowed to “show irreparable harm simply through the continuation of defending a lawsuit, such harm would apply to a multitude of situations” such as the erroneous denials of motions to dismiss. The violation of immunity from suit is of an entirely different character from the run-of-the-mill erroneous denial of a motion to dismiss or of a defendant’s motion for summary judgment. The majority in effect equates “immune from suit” with “not liable.” This fundamentally degrades the meaning of immunity from suit.
POLSTON, C.J., concurs.