451 So.2d 879 (1984)
STATE of Florida, Petitioner,
v.
M. John ROESS, Respondent.
No. 83-2362.
District Court of Appeal of Florida, Second District.
May 2, 1984.
Rehearing Denied June 7, 1984.
James T. Russell, State Atty., and Robert E. Heyman, Asst. State Atty., for petitioner.
D. Lee Fugate, St. Petersburg, for respondent.
PER CURIAM.
The state, by petition for writ of certiorari, seeks review of an order of the circuit *880 court reversing respondent's conviction and ordering a new trial. We deny the petition.
Respondent was convicted by a jury in the county court of cruelty to animals, a violation of section 828.12, Florida Statutes (1981). The county court excluded taped evidence of respondent's prior consistent statement made shortly after the animal was injured. Respondent appealed his conviction to the circuit court, contending that the trial court improperly excluded the statement. The circuit court agreed and reversed, ordering a new trial.
Certiorari review by a district court of appeal of action by a circuit court acting in its appellate capacity is discretionary. Combs v. State, 436 So.2d 93 (Fla. 1983). In Combs, the Florida Supreme Court said:
In granting writs of common-law certiorari, the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error... . The district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.
Id. at 95-96. See Clermont Marine Sales, Inc. v. Harmon, 347 So.2d 839 (Fla.2d DCA 1977).
We cannot say that if we should decide that there was error, the error was so serious that it would result in a miscarriage of justice. Errors "that do not obviously prejudice fundamental rights, to the material injury of the complaining parties, may not cause a judgment to be quashed on certiorari." Newman v. State, 174 So.2d 479, 481 (Fla.2d DCA 1965). The circuit court reversed the conviction and ordered a new trial. The respondent has not been exonerated of criminal wrongdoing. The state has not been deprived of its day in court. See City of Winter Park v. Jones, 392 So.2d 568 (Fla. 5th DCA 1981). We believe that to grant certiorari under the circumstances of this particular case in which the circuit court sat in its appellate capacity would improperly afford two appeals from a trial in the county court. See Clermont. We cannot say that this is one of "those few extreme cases where the appellate court's decision is so erroneous that justice requires that it be corrected." Combs, 436 So.2d at 95.
Accordingly, the petition for writ of certiorari is DENIED.
SCHEB, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.