PER CURIAM.
Defendant petitions for a writ of certio-rari from the affirmance by the Circuit Court of the Thirteenth Judicial Circuit of his DUI conviction by the county court of Hillsborough County. Defendant argues persuasively that the county court erred in various respects relating to the admissibility of evidence, prejudicial comments by the prosecutor, and failure of the trial court to enforce the attendance of certain witnesses. The state argues that there was no error or, if there was error, it was not reversible error.
“We cannot say that if we should decide that there was error, the error was so serious that it would result in a miscarriage of justice.... We believe that to grant certiorari under the circumstances of this particular case in which the circuit court sat in its appellate capacity would improperly afford two appeals from a trial *1236 in the county court.... We cannot say that this is one of ‘those few extreme cases where the appellate court’s decision is so erroneous that justice requires that it be corrected.’ ” State v. Roess, 451 So.2d 879, 880 (Fla. 2d DCA 1984). Roess was a denial of a petition for a writ of certiorari filed by the state from a circuit court reversal of a county court criminal conviction.
The petition for writ of certiorari is denied.
DANAHY, A.C.J., and LEHAN and HALL, JJ., concur.