647 So.2d 855 (1994)
HAINES CITY COMMUNITY DEVELOPMENT d/b/a Parkview Village, Petitioner,
v.
Leila HEGGS, Respondent.
No. 94-00524.
District Court of Appeal of Florida, Second District.
June 22, 1994.
Rehearing Denied August 11, 1994.
Jerri A. Blair of Blair & Cooney, P.A., Tavares, for petitioner.
Nora Leto, Lakeland, for respondent.
LAZZARA, Judge.
The petitioner, the owner of a low-income housing development for domestic farm workers, seeks certiorari review of the circuit court's order reversing a county court's final judgment evicting the respondent for non-payment of rent. We have jurisdiction based on Florida Rule of Appellate Procedure *856 9.030(b)(2)(B), which provides that "[t]he certiorari jurisdiction of district courts of appeal may be sought to review... final orders of circuit courts acting in their review capacity." We deny the petition because the petitioner has not demonstrated that the circuit court's action has resulted in a miscarriage of justice as required by Combs v. State, 436 So.2d 93 (Fla. 1983). We also certify a question of great public importance concerning the proper scope of certiorari review by a district court of appeal.
The circuit court acknowledged in its order that the county court's judgment came to it clothed with a presumption of correctness. The court determined from its review of the record, however, that the county court abused its discretion by not finding that the petitioner was equitably estopped from seeking eviction of respondent based on the petitioner's past conduct in collecting unpaid rent. Thus, even though the circuit court found that respondent had a history of repeated non-payment of rent, it reversed the final judgment of eviction.
As noted, our discretionary standard of review is governed by Combs. In Combs, the supreme court promulgated several principles to guide district courts of appeal in determining whether to grant certiorari review of a decision of a circuit court sitting in its appellate capacity reviewing a final order of a county court. The court made it clear that we "should not be as concerned with the mere existence of legal error as much as with the seriousness of the error" and that we should only exercise our discretion to grant certiorari "when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." 436 So.2d at 95-96 (emphasis added). The court also noted that we may refuse to grant certiorari even if there is a departure from the essential requirements of the law and cautioned us against allowing certiorari to be used as a second appeal. 436 So.2d at 96.
In this case, even if we were to conclude that the circuit court's order departed from the essential requirements of the law, we cannot say that such a departure was serious enough to result in a miscarriage of justice. The order did nothing more than reverse a county court's eviction judgment based on a peculiar set of facts. It did not deprive the petitioner of its day in court, nor has it foreclosed the petitioner from seeking eviction of the respondent because of future non-payment of rent. See State v. Roess, 451 So.2d 879 (Fla. 2d DCA 1984). Thus, we are unable to conclude that this is one of "those few extreme cases where the appellate court's decision is so erroneous that justice requires that it be corrected." Combs, 436 So.2d at 95.
In order to avoid the possibility that our opinion can be construed as being in conflict with the standard of certiorari review outlined in Education Development Center, Inc. v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106 (Fla. 1989), we take this opportunity to distinguish that case. There, the supreme court held again that when a district court of appeal reviews a circuit court's order under rule 9.030(b)(2)(B), the district court's standard is to determine "whether the circuit court afforded procedural due process and applied the correct law." 541 So.2d at 108 (quoting City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla. 1982)). Accord Manatee County v. Kuehnel, 542 So.2d 1356 (Fla. 2d DCA), review denied, 548 So.2d 663 (Fla. 1989). This standard is quite different from the one announced in Combs and could compel a different result in this case were we to find an incorrect application of the law by the circuit court.
We note, however, that both Vaillant and Education Development Center, Inc., as well as Kuehnel, concerned the scope of review by a district court of a circuit court's order relating to a decision of an administrative agency. Indeed, every case that we have found that uses the standard of Education Development Center, Inc. does so in the context of a review of administrative action. Of equal significance is that even after Education Development Center, Inc., the district courts of appeal continue to use the Combs' standard when reviewing a final order of a circuit court sitting in its appellate capacity over a county court. E.g., State v. Frazee, 617 So.2d 350 (Fla. 4th DCA 1993); Horatio Enter., Inc. v. Rabin, 614 So.2d 555 (Fla. 3d DCA 1993); Krebs v. State, 588 So.2d 38 (Fla. 5th DCA 1991), review denied, 599 So.2d 658 *857 (Fla. 1992); Slater v. State, 543 So.2d 869 (Fla. 2d DCA 1989).
These factors, as well as the critical fact that Education Development Center, Inc. did not even refer to Combs,[1] leads us to conclude that Combs' standard of review is still the law we must apply when determining whether to grant a petition for writ of certiorari directed to an order of a circuit court acting in its review capacity over a county court. State ex rel. Garland v. City of West Palm Beach, 141 Fla. 244, 193 So. 297 (Fla. 1940); Levy v. Levy, 483 So.2d 455 (Fla. 3d DCA), review denied, 492 So.2d 1333 (Fla. 1986). As noted in McGee v. State, 570 So.2d 1079, 1081 (Fla. 3d DCA 1990), review denied, 582 So.2d 623 (Fla. 1991), a district court of appeal cannot "decline to follow a supreme court opinion in the absence of a specific indication by the court itself that the case is no longer viable."
Since, however, we deem this issue to be one of great public importance affecting the correct standard of certiorari review to be used by a district court of appeal, we certify the following question to the Florida Supreme Court:
AFTER EDUCATION DEVELOPMENT CENTER, INC. V. CITY OF WEST PALM BEACH, 541 So.2d 106 (FLA. 1989), DOES THE STANDARD OF REVIEW IN COMBS V. STATE, 436 So.2d 93 (FLA. 1983), STILL GOVERN A DISTRICT COURT OF APPEAL WHEN IT REVIEWS, PURSUANT TO FLORIDA RULE OF APPELLATE PROCEDURE 9.030(b)(2)(B), AN ORDER OF A CIRCUIT COURT ACTING IN ITS REVIEW CAPACITY OVER A COUNTY COURT?
Petition denied. Question certified.
HALL, A.C.J., and THREADGILL, J., concur.
NOTES
[1] Significantly, Combs never referred to Vaillant, upon which Education Development Center, Inc., directly relied. We believe that this additional support for our conclusion that the supreme court has announced different principles governing a district court's scope of certiorari review under rule 9.030(b)(2)(B), the application of which depends upon whether such review involves agency action or county court action.