GROSS, J.
The State of Florida petitions for a writ of certiorari, seeking review of a circuit court order granting a writ of prohibition and disqualifying a county court judge from presiding over respondent Leroy’s misdemeanor violation of probation case.
We disagree with the circuit court’s order. The county court judge’s comments did not warrant prohibition. Unlike Martin v. State, 804 So.2d 360 (Fla. 4th DCA 2001), Torres v. State, 697 So.2d 175 (Fla. 4th DCA 1997), and Hayes v. State, 686 So.2d 694 (Fla. 4th DCA 1996), the judge’s plea offer before final hearing could not reasonably be interpreted as a fixed intention regarding sentencing after final hearing. The court’s statements were in the context of status hearings.
Nonetheless, we deny certiorari because the limitations on this court’s review preclude us from taking up this matter.
A district court of appeal should exercise its certiorari jurisdiction to review a decision of the circuit court acting in its appellate capacity only where there has been a violation of a clearly established principle of law resulting in a miscarriage of justice. See Combs v. State, 436 So.2d 93, 96 (Fla.1983). “[T]he proper inquiry under certiorari review is limited to whether the circuit court afforded procedural due process and whether it applied the correct law.” Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000). As the supreme court explained in Ivey:
It is well-established that certiorari should not be used as a vehicle for a second appeal in a typical case tried in county court. Kennington v. Gillman, 284 So.2d 405 (Fla. 1st DCA 1973). When issuing this writ, district courts are guided by the bookend discussions in Combs v. State, 436 So.2d 93 (Fla.1983), and Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995). In essence, the supreme court has cautioned the district courts to be prudent and deliberate when deciding to exercise this extraordinary power, but not so *171 wary as to deprive litigants and the public of essential justice.
Combs and Heggs analyze the district courts’ power over a “second appeal” certiorari in terms of discretion. Thus, these cases recognize that the district courts have jurisdictional power to review a circuit court decision in its appellate capacity. The controlling question is whether the discretion given to the district court under the limited standard of review provided by a petition for writ of common law certiorari is sufficient to authorize a remedy for the error committed in this case.
Existing case law establishes that the departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than a simple legal error. Both Combs and Heggs suggest that the district court should examine the seriousness of the error and use its discretion to correct an error “only when there has been a violation of [a] clearly established principle of law resulting in a miscarriage of justice.” Heggs, 658 So.2d at 528 (quoting Combs v. State, 436 So.2d 93, 95-96 (Fla.1983)).
Ivey, 774 So.2d at 682 (quoting Stilson v. Allstate Ins. Co., 692 So.2d 979, 982 (Fla. 2d DCA 1997)).
Here, the circuit court applied the correct law, but came to the wrong conclusion. This legal error was not a violation of a clearly established principle of law resulting in a miscarriage of justice so as to permit our review on certiorari. See Bonfiglio v. Am. Vehicle Ins. Co., 680 So.2d 1100 (Fla. 3d DCA 1996).
Certiorari denied.
STONE and HAZOURI, JJ., concur.