830 So.2d 221 (2002)
Ronald E. BRITT, Petitioner,
v.
Kenneth J. MASCARA, Sheriff of St. Lucie County, Respondent.
No. 4D02-2782.
District Court of Appeal of Florida, Fourth District.
November 13, 2002.
Ronald E. Britt, Fort Pierce, pro se.
Summer M. Barranco of Purdy, Jolly & Giuffreda, P.A., Fort Lauderdale, for respondent.
FARMER, J.
The plaintiff in a civil case, who happens to be a prisoner, asks us to grant second tier review of the county court's refusal to give him a hearing on his claim. We agree with him that the circuit and county court decisions are a miscarriage of justice and therefore grant the writ.
*222 In State v. Leroy, 819 So.2d 169 (Fla. 4th DCA 2002), we recently explained our limits in second tier review cases:
"A district court of appeal should exercise its certiorari jurisdiction to review a decision of the circuit court acting in its appellate capacity only where there has been a violation of a clearly established principle of law resulting in a miscarriage of justice. See Combs v. State, 436 So.2d 93, 96 (Fla.1983). `[T]he proper inquiry under certiorari review is limited to whether the circuit court afforded procedural due process and whether it applied the correct law.' Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000). As the supreme court explained in Ivey:

`It is well-established that certiorari should not be used as a vehicle for a second appeal in a typical case tried in county court. Kennington v. Gillman, 284 So.2d 405 (Fla. 1st DCA 1973). When issuing this writ, district courts are guided by the bookend discussions in Combs v. State, 436 So.2d 93 (Fla.1983), and Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995). In essence, the supreme court has cautioned the district courts to be prudent and deliberate when deciding to exercise this extraordinary power, but not so as to deprive litigants and the public of essential justice.

Combs and Heggs analyze the district courts' power over a `second appeal' certiorari in terms of discretion. Thus, these cases recognize that the district courts have jurisdictional power to review a circuit court decision in its appellate capacity. The controlling question is whether the discretion given to the district court under the limited standard of review provided by a petition for writ of common law certiorari is sufficient to authorize a remedy for the error committed in this case.
Existing case law establishes that the departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than a simple legal error. Both Combs and Heggs suggest that the district court should examine the seriousness of the error and use its discretion to correct an error `only when there has been a violation of [a] clearly established principle of law resulting in a miscarriage of justice.' Heggs, 658 So.2d at 528 (quoting Combs v. State, 436 So.2d 93, 95-96 (Fla.1983)).

Ivey, 774 So.2d at 682 (quoting Stilson v. Allstate Ins. Co., 692 So.2d 979, 982 (Fla. 2d DCA 1997)).
"Here, the circuit court applied the correct law, but came to the wrong conclusion. This legal error was not a violation of a clearly established principle of law resulting in a miscarriage of justice so as to permit our review on certiorari. See Bonfiglio v. Am. Vehicle Ins. Co., 680 So.2d 1100 (Fla. 3d DCA 1996).
819 So.2d at 170-71.
Plaintiff's lawsuit in the county court sought a writ of replevin. The county judge initially set a hearing on plaintiff's claim. Plaintiff then sought permission to "appear by telephone" from the jail where he is housed, but the county judge denied the request, saying that plaintiff "may retain counsel and have an attorney appear on his behalf." The judge added that the court lacked authority to order the County detaining him to release a prisoner pursuant to a Judge's order in another county. Plaintiff sought a rehearing of this order denying a hearing by telephone, but it too was denied.
At that point plaintiff filed a petition for writ of certiorari in the circuit court, seeking *223 review of the county court's order denying petitioner's motion to appear by telephone. Meanwhile the county court dismissed his claim for replevin because he "failed to appear at the appointed time." Thereafter the circuit court, sitting in its appellate capacity, issued an order dismissing his petition for certiorari because he failed to file his petition within thirty days of the actual entry of the order denying a hearing by telephone.
After the county court's dismissal of his entire claim, plaintiff then filed another petition for a writ of certiorari seeking review of the dismissal. In this latter petition, he maintained that he has been continuously incarcerated and never waived any of his rights to have a hearing on his claim in county court. He asserted that the county court's handling was a denial of his constitutional right to due process. In response to this second petition, the circuit courtagain acting in its appellate capacitydismissed the petition, stating that it would not revisit the issues previously addressed in the dismissal of his first petition. The circuit court explained that "Petitioner has sought to re-file a petition that is, in all material respects, identical to the petition previously dismissed for lack of jurisdiction." The circuit court stated that its earlier order constituted the final determination of the circuit court regarding his "appeal" of the county court order denying a hearing by telephone. Plaintiff thereupon filed the present petition in this court.
When a prisoner files a civil case in a jurisdiction at some remove from the place of incarceration, the prisoner's personal attendance at hearings in the civil action raises difficult questions. In this instance, the prisoner filed in the county where the property was located, but he is being held in another county at some distance away. Allowing his personal attendance at hearings in his civil case not only raises problems of security but of cost to governments for transportation and guarding him while he is outside the place of his confinement. We understand the reluctance of the county judge in St. Lucie County to order the officials in Liberty County to assume the expense and difficulties of transporting plaintiff and caring for him during the enterprise.
Still, the plaintiff is entitled to be heard on his claim as an elementary matter of due process. If, indeed, the court decides to hold a hearing on the claim, plaintiff is certainly entitled to participate and make his case. It strikes us that in this circumstance one tool available to the county judge would be to require plaintiff first to submit a memorandum stating the particulars of his claim and what he proposes to offer in evidence to support the claim. If, as here, the claim is to possession of personal property, the judge might insist on having some idea of what evidence supports the ownership or superior right to possession. The judge might also request that the memorandum include citations of authority on any legal issues. After both parties have had the opportunity to thus respond, the court might then be in a position to dispose of the claim or, instead, to limit trial to specific issues.
Because of the problems involved in having the prisoner personally appear, the court would certainly be authorized to allow a hearing by telephone or video conference. In no event, however, could the court, as here, simply dismiss the claim without giving the plaintiff an opportunity of some kind to prove his claim.
In short, the papers we have been given show that plaintiff was not afforded even the elemental opportunity to be heard before his claim was dismissed. We stress that the record does not suggest that the plaintiff's claim was legally insufficient on *224 its face and thus could be finally adjudicated without receiving any evidence. Even though the county judge must have understood that plaintiff was barred by his confinement from personally appearing in court, the judge nevertheless dismissed the claim without giving plaintiff any chance to be heard on the merits. The county judge denied any form of hearing for plaintiff to make his claim in some way. This amounted to a denial of elemental due process.
Then the circuit court's later denial of review after the dismissal perpetuated the lack of any chance to be heard. The circuit court erroneously characterized its earlier denial of certiorari to review the issue of a telephone hearing as an adjudication of the county court's dismissal. This too was a departure from the essential requirements of law that ultimately inflicted the injustice of dismissing a case without any apparent basis and with no chance to be heard on the merits.
Unlike our decision in Leroy, here both lower courts failed to apply the correct law and give the claimant a chance to be heard. Both courts thus departed from the essential requirement of law of a chance to be heard. This is a serious legal error that we think should be corrected by extraordinary second tier review. If the county and circuit court handling in this case were routinely done, it would seriously undermine respect for the rule of law. We therefore grant the petition for certiorari and return the case to the circuit court for proceedings consistent with this opinion. See Broward County v. G.B.V. Int'l Ltd., 787 So.2d 838 (Fla.2001) (holding that on review by certiorari the district court may only quash the order under review and may not decide the merits of the underlying controversy but must instead return the case to the lower tribunal).
CERTIORARI GRANTED; DECISION QUASHED.
KLEIN and MAY, JJ., concur.