SHAHOOD, J.
Appellee, Diane Templeton, sued her business partner, appellant, Ann Fierro f/k/a Ann Theis, asserting fraud and misrepresentation, breach of fiduciary duty, breach of contract, mismanagement, and misappropriation of funds. Also named as defendants in the lawsuit were The Omega Consulting Group, Inc. (Omega), Omegacal Consulting, Inc. (Omegacal), and Omega Data Solutions, Inc. (Omega Data), the parties’ three corporations, and A. Theis, Inc., Fierro’s company. In the complaint, Templeton asserted, among other things, that Fierro mismanaged the businesses and misappropriated corporate funds for her personal use and that of her family. Templeton asserted that Fierro violated their agreement that each would be an equal owner/manager of Omega and its related corporations.[1]
Concurrent with the filing of her complaint, Templeton also moved to have the corporations dissolved and to have a receiver appointed. Fierro responded with a notice of election to purchase Templeton’s shares of stock for fair value in lieu of dissolution.[2] Thus, the matter proceeded to a hearing before a receiver who heard testimony of valuation experts and concluded that the value of the businesses, all considered as one entity, was between $70,000 and $2,000,000 and that, despite Fierro’s position to the contrary, Temple-ton was still a fifty percent shareholder.
Subsequently, at a non-jury trial, the issues to be determined were the value of the corporations and Templeton’s interest in them. Templeton’s expert reviewed Omega’s income statements, statements of gross income, and operating expenses, and concluded that Fierro’s fifty percent share was $1,789,000. In the expert’s estimation, the value of Omegacal and Omega Data was zero. It was the expert’s opinion that the three companies should be treated as three separate entities.
Fierro’s expert, on the other hand, reviewed the corporation’s tax returns to determine gross profit, operating expenses and net income/loss. It was her opinion that the fair value of the entities combined was $200,000 and that Templeton’s share was $70,000, $100,000 less a discount to compensate for the decreased marketability of being a partner in a closely held corporation.
The trial court entered a final judgment finding that Fierro had previously made an irrevocable election to purchase Temple-ton’s shares, pursuant to section 607.1436, *933 Florida Statutes (2001). The court found that Templeton owned fifty percent of the stock of Omega and Omegacal and thirty percent of the stock of Omega Data. The court assessed a zero dollar value to Ome-gacal and Omega Data and a value of $2,568,108 for Omega. The court determined that the fair market value of Tem-pleton’s shares as of May 3, 2000 was $1,281,554. As a result, the court entered judgment in favor of Templeton and against Fierro, but denied Templeton’s request for fees, finding that although Fierro breached her fiduciary duty to Templeton, such breach did not rise to the level of the illegality required to award fees pursuant to sections 607.1430 and 607.1436(5), Florida Statutes. The court did not indicate the method it used in arriving at the value of the company.
After the entry of the final judgment, Fierro filed a notice of intention to dissolve the corporation pursuant to section 607.1436(7). She asserted that, upon filing the articles of dissolution, the corporation would be dissolved and the judgment against her would no longer be of any force or effect. At the same time, Fierro filed a motion for reconsideration and/or clarification of the final judgment, stating that the court’s valuation of Omega was not based on the opinion of either party’s valuation expert and was not supported by findings of fact or computations showing the manner in which the trial court arrived at the valuation. Templeton objected to the election to dissolve the corporation, arguing that it was made in bad faith. The court denied Fierro’s motion for reconsideration and sustained Templeton’s objection to the election to dissolve the corporation.
Fierro appeals the final judgment as well as the trial court’s ruling on her post-trial motions. We hold that the trial court erred in sustaining Templeton’s objection to Fierro’s election to dissolve the corporation, and reverse and remand for further proceedings consistent with this opinion.
Section 607.1436 directs the procedure to be followed in these proceedings. The statute states that, after a party has filed an election to purchase and the court has entered a final judgment determining the fair value of the petitioner’s shares and ordering the purchase of those shares, the corporation may, within a prescribed period of time, file a notice of its intention to adopt articles of dissolution. See § 607.1436(7), Fla. Stat. (2001). “Upon filing of such articles of dissolution, the corporation shall be dissolved ... and the order ... [directing purchase of the shares] shall no longer be of any force or effect....” Id.
Unlike the language in subsection one of section 607.1436, which gives the court the discretion to set aside or modify an election to purchase for equitable reasons, subsection seven does not grant the trial court similar discretion after an order determining fair value and directing purchase of the shares has been entered. On the contrary, the language in subsection seven leaves no question that the filing of an intention to adopt articles of dissolution at that time automatically nullifies the order and triggers the dissolution process without further order of the court. See, e.g., § 607.1436(7), Fla. Stat. (2001). Thus, it was error in this case for the trial court to sustain Templeton’s objection to the notice of intent to adopt articles of dissolution.
This decision renders appellant’s remaining points on appeal moot. We accordingly reverse the final judgment entered in this case, as well as the post-trial order sustaining Templeton’s objection to Fier-ro’s notice of intention to dissolve, and remand for further proceedings consistent with section 607.1436(7), Florida Statutes.
*934 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
POLEN and STEVENSON, JJ., concur.

. It was alleged that, unbeknownst to Temple-ton, Fierro formed Omega Data with Temple-ton owning only thirty percent of the shares and Fierro and her husband owning the remaining 70%.

. See § 607.1436, Fla. Stat. (1999).