874 So.2d 6 (2004)
HOUSING AUTHORITY OF the CITY OF TAMPA, Petitioner,
v.
Connie BURTON, Respondent.
No. 2D03-1163.
District Court of Appeal of Florida, Second District.
March 24, 2004.
Rehearing Denied June 10, 2004.
*7 J. Frazier Carraway, Astrid Hapanowicz, and Cheryl J. Lister of Saxon, Gilmore, *8 Carraway, Gibbons, Lash & Wilcox, P.A., Tampa, for Petitioner.
Guy M. Burns, Jonathan S. Coleman, and Zachary D. Messa of Johnson, Pope, Bokor, Ruppel & Burns, P.A., Tampa, for Respondent.
WALLACE, Judge.
The Tampa Housing Authority seeks certiorari review of the circuit court's order denying its appealtreated as a petition for writ of certiorarifrom the county court's order granting a new trial in the Housing Authority's suit to evict a tenant. Because the circuit court's order did not depart from the essential requirements of the law, we deny the petition.
In Hillsborough County Court, the Housing Authority obtained a favorable jury verdict in the eviction trial of Connie Burton, a tenant of public housing in Tampa. The tenant moved for a new trial on two grounds: the verdict was against the manifest weight of the evidence, and one of the jurors had committed misconduct by discussing the case with a dismissed juror. The trial judge denied the tenant's motion on the grounds asserted but ordered a new trial on its own initiative based on the trial judge's personal observation that a juror was "consistently asleep in the jury box during the presentation of evidence" and that "to allow the jury verdict to stand would be a manifest injustice." At trial, neither party had made an objection on account of a sleeping juror, nor had the trial judge mentioned the matter.
The Housing Authority appealed to the Circuit Court for the Thirteenth Judicial Circuit, contending that the trial judge erred by granting a new trial based upon unpreserved error that was not fundamental in nature. The circuit court, believing it lacked jurisdiction to hear a direct appeal, treated the Housing Authority's notice of appeal as a petition for writ of certiorari. The circuit court denied the petition on the ground that "the trial court did not abuse its discretion by ordering a new trial." The Housing Authority seeks certiorari review of the decision of the circuit court sitting in its appellate capacity.
Certiorari review is appellate in character in the sense that it involves a limited review of the proceedings of an inferior jurisdiction. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 525 (Fla. 1995). However, certiorari should not be used to grant a second appeal but, instead, is limited to those instances in which the lower court did not afford procedural due process or departed from the essential requirements of the law. Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla. 2003). The Housing Authority does not argue that it was denied procedural due process at any point in the proceedings; thus our inquiry concerns whether the circuit court departed from the essential requirements of law.
The departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is something more than a simple legal error. There must be a violation of a clearly established principle of law resulting in a miscarriage of justice. Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000). A failure to observe "the essential requirements of law" has been held synonymous with a failure to apply "the correct law." Heggs, 658 So.2d at 530. The district courts of appeal "should not be as concerned with the mere existence of legal error as much as with the seriousness of the error." Id. at 528 (quoting Combs v. State, 436 So.2d 93, 95 (Fla.1983)). In the context of certiorari review of a circuit court's decision sitting in its appellate capacity, certiorari relief may be granted when the circuit court's legal error in applying the incorrect law is sufficiently egregious or fundamental. Bottcher v. Walsh, 834 So.2d 183, 184-85 (Fla. 2d DCA 2002).
In its petition for writ of certiorari to this court, the Housing Authority argues that the circuit court applied incorrect law by failing to apply a de novo *9 standard of review to the trial judge's new trial order, as would be appropriate for review of a decision based on unpreserved fundamental error. Initially, we note that the circuit court's conclusion that it lacked appellate jurisdiction over the trial court's order granting the motion for new trial was incorrect. The circuit court had jurisdiction to hear the appeal pursuant to section 59.04, Florida Statutes (2002). See Blore v. Fierro, 636 So.2d 1329, 1331 (Fla. 1994) (explaining that authority for appeals to the circuit court is established by general law). However, whether the circuit court heard the case as an appeal or as a petition for writ of certiorari is not particularly pertinent here unless the decision on this issue affected the circuit court's scope of review. Under the circumstances, we cannot conclude that the circuit court's review of the new trial order under the abuse of discretion standard constituted an application of incorrect law.
The Housing Authority's argument that the circuit court applied the wrong standard of review rests upon the factual assumption that the juror's somnolence was necessarily apparent to the attorneys and that the attorneys made a strategic decision not to object; in other words, the juror's misconduct was an unpreserved error subject to fundamental error analysis. The Housing Authority did not present to the circuit court evidence in the trial record to suggest that the tenant was aware of the juror's sleeping. The trial record does not refute the conclusion that the juror's sleeping may have been evident only to the trial judge who may very well have had a superior vantage point to observe the juror in question. Thus the issue of the sleeping juror may not have been an unpreserved error depending upon a variety of factors largely unknown to the circuit court and best known to the trial judge. Therefore, the issue of the sleeping jurorand whether any error with regard thereto was preserved or unpreservedwas a question of fact to be determined by the trial judge in his discretion. See Tri-Pak Mach., Inc. v. Hartshorn, 644 So.2d 118, 119-20 (Fla. 2d DCA 1994). Accordingly, the circuit court applied the correct legal standard in its appellate review of the trial court's order for a new trial.
Unlike application of incorrect law, misapplication of correct law by a circuit court sitting in its appellate capacity generally does not constitute a violation of clearly established law resulting in a miscarriage of justice. Ivey, 774 So.2d at 682. Thus, even if there is legal error in the circuit court's decision that the trial court did not abuse its discretion in granting a new trial, we are unable to conclude that this is one of "those few extreme cases where the appellate court's decision is so erroneous that justice requires that it be corrected." See Combs v. State, 436 So.2d 93, 95 (Fla.1983). Two cases from this court guide our determination: State v. Roess, 451 So.2d 879, 880 (Fla. 2d DCA 1984), which involved a new trial order; and Haines City Community Development v. Heggs, 647 So.2d 855, 856 (Fla. 2d DCA 1994), approved, 658 So.2d 523, which involved an eviction.
In Roess, the circuit court issued a new trial order when it reversed a conviction of animal cruelty from the county court. The basis for reversal was the county court's exclusion of a prior consistent statement. This court strongly hinted that the circuit court erred in reversing, but we declined to issue the writ because the error did not rise to a miscarriage of justice:
The circuit court reversed the conviction and ordered a new trial. The respondent has not been exonerated of criminal wrongdoing. The state has not been deprived of its day in court. See City of Winter Park v. Jones, 392 So.2d 568 (Fla. 5th DCA 1981). We believe that to grant certiorari under the circumstances of this particular case in which the circuit court sat in its appellate capacity would improperly afford two appeals from a trial in the county court. See Clermont [Marine Sales, Inc. v. Harmon, 347 So.2d 839 (Fla. 2d DCA 1977)]. *10 We cannot say that this is one of "those few extreme cases where the appellate court's decision is so erroneous that justice requires that it be corrected." Combs, 436 So.2d at 95.
Roess, 451 So.2d at 880.
Roess was the primary authority relied upon in this court's decision in Heggs, 647 So.2d 855. In that case, the county court entered a judgment of eviction against a tenant for nonpayment of rent. The circuit court reversed, holding that the county court abused its discretion in failing to find that the landlord was equitably estopped from seeking to evict the tenant based on the landlord's past conduct in collecting unpaid rent. Id. at 856. The circuit court did this even though it acknowledged that the county court's judgment came to it clothed with a presumption of correctness and that the tenant had a history of repeated nonpayment of rent. Id. This court refused to issue a writ of certiorari to quash the circuit court's reversal:
In this case, even if we were to conclude that the circuit court's order departed from the essential requirements of the law, we cannot say that such a departure was serious enough to result in a miscarriage of justice. The order did nothing more than reverse a county court's eviction judgment based on a peculiar set of facts. It did not deprive the petitioner of its day in court, nor has it foreclosed the petitioner from seeking eviction of the respondent because of future non-payment of rent. See State v. Roess, 451 So.2d 879 (Fla. 2d DCA 1984). Thus, we are unable to conclude that this is one of "those few extreme cases where the appellate court's decision is so erroneous that justice requires that it be corrected." Combs, 436 So.2d at 95.
Heggs, 647 So.2d at 856. Approving this court's decision, the supreme court commented that the above-quoted analysis "captures the essence" of the certiorari standard. Heggs, 658 So.2d at 531.
In this case, the new trial order did not exonerate the tenant from wrongdoing, nor did it deprive the Housing Authority of its day in court. See Roess, 451 So.2d at 880; cf. Britt v. Mascara, 830 So.2d 221, 223-24 (Fla. 4th DCA 2002) (granting a petition for certiorari when the circuit court incorrectly approved the county court's dismissal of the civil claim of a prison inmate who was denied an opportunity to be heard because of his incarceration). When compared with Heggs, the result for the Housing Authority in this case is less onerous than the result suffered by the landlord in Heggs, who was completely deprived of the right to evict the tenant for the reasons litigated. Here, the Housing Authority is not deprived of its right to pursue eviction on the same grounds in a new trial. A proper application of the certiorari standard leads us to conclude that any error in the proceedings below does not constitute a miscarriage of justice.
There being no departure from the essential requirements of law, we deny the petition for writ of certiorari.
Petition for writ of certiorari denied.
SALCINES, J., Concurs.
VILLANTI, J., Dissents with opinion.
VILLANTI, Judge, Dissenting.
I respectfully dissent because in my view the circuit court departed from the essential requirements of the law and denied the Housing Authority procedural due process when it treated this direct appeal as a petition for certiorari, thus applying the incorrect standard of review to the proceedings.
In this case, the Housing Authority sought review of the county court's order granting Burton's motion for new trial. Under Florida Rules of Appellate Procedure 9.110(a)(4) and 9.130(a)(4), the Housing Authority was entitled to a direct appeal of this order in the circuit court. On direct appeal from that order, the circuit court's task was to determine whether the *11 county court abused its discretion in granting the motion for new trial. See Brown v. Estate of Stuckey, 749 So.2d 490, 497-98 (Fla.1999).
However, for reasons not apparent from the record, the circuit court decided that it did not have the authority to review this order on direct appeal. Instead, it treated the notice of appeal as a petition for common law certiorari. Under certiorari review, the circuit court's review was limited to determining whether the county court departed from the essential requirements of the law resulting in a material injury that would affect the remainder of the proceedings and which could not be corrected through any other means. See Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987). Despite this limited standard of review, the circuit court somehow determined the county court had not abused its discretion in granting the new trial.
Both of these actions clearly constitute departures from the essential requirements of the law. First, there is no question that the Housing Authority was entitled to take a direct appeal from the county court's order. Thus, the circuit court's decision to treat the notice of appeal as a petition for certiorari constituted a departure from the essential requirements of the law. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla. 2003) (noting that "clearly established law" can arise from a variety of sources, including rules of court).
Second, once the circuit court decided to treat the notice of appeal as a petition for certiorari, it could not properly have determined whether the county court abused its discretion because such an inquiry is not found anywhere within the standard of review for common law certiorari. Rather, at that point, the circuit court was limited to determining whether the county court had departed from the essential requirements of the law. Thus, the circuit court also departed from the essential requirements of the law by incorrectly applying the standard of review that it thought applied.
The majority dismisses this clear error by the circuit court, stating that "whether the circuit court heard the case as an appeal or as a petition for writ of certiorari is not particularly pertinent here unless the decision on this issue affected the circuit court's scope of review." This statement misstates the law. According to the Florida Supreme Court,
[o]nce the district court determined-from the face of the circuit court order-that the circuit court had applied the wrong law, the job of the district court was ended. In proceeding to apply the right first-tier law, i.e., in evaluating the record for competent substantial evidence to support the Commission's decision, the district court usurped the jurisdiction of the circuit court.
Fla. Power & Light Co. v. City of Dania, 761 So.2d 1089, 1093 (Fla.2000). Under City of Dania, once this court on second-tier certiorari determines that the circuit court applied the incorrect standard of review, this court's work is done and this court must remand the case to the circuit court for consideration under the correct standard of review. This court may not usurp the circuit court's jurisdiction by proceeding to consider the merits of the initial appeal under the correct standard of review. To the extent that the majority suggests that some sort of harmless error analysis of the standard of review is appropriate during this court's second-tier certiorari review of the circuit court's order, I respectfully disagree. Thus, at a minimum, I would grant the petition and remand this case to the circuit court for it to conduct a proper review of the county court's order applying the proper standard of review.
Moreover, even if the circuit court had applied the correct standard of review, I do not see how it could find that the *12 county court did not abuse its discretion in granting the motion for new trial. A trial court may order a new trial on its own initiative "for any reason for which it may have granted ... a new trial on motion of a party." Fla. R. Civ. P. 1.530(d). Therefore, under the realistic application of this rule, for the county court's new trial order to have been valid, it must have been granted on grounds that would have been valid had one of the parties moved for a new trial. In other words, the county court does not have unfettered discretion to grant a new trial on grounds not available to the parties.
Here, the tenant could not have received a new trial on her own motion for the grounds provided by the county court, i.e., the alleged sleeping juror, because, as the majority acknowledges, the tenant failed to object at any time to the alleged sleeping juror. The tenant argued in the circuit court that because there was no record evidence to suggest the tenant was aware of this sleeping juror, she should not be faulted for failing to object. This syllogistically begs the question. While it is correct that a party may not receive a new trial for failing to object to juror misconduct of which it was aware, Miller v. Pace, 71 Fla. 274, 71 So. 276 (1916), I disagree with the majority that the converse is also true: that a blissfully unaware litigant may serendipitiously receive a windfall benefit of a new trial because she happened not to notice a sleeping juror. This is especially apropos here because during a three-day jury trial, it is patently implausible that not a single litigant or lawyer observed the juror whom the judge later described as "consistently asleep." The possible "superior vantage point" of the trial judge is too speculative and equally implausible for this court to rely upon, without record foundation, as an excuse for the tenant's failure to preserve the unperceived somnolence. Yet this seems to be the only basis for the majority's affirmance. To affirm the circuit court, the majority had to draw an inference not supported by the recordthat the alleged sleeping juror was unobservable to the parties. Moreover, it had to infer that the ciruit court had drawn this same inference, notwithstanding the lack of such findings by the county court.
To add insult to injury, even if the tenant had properly objected to the sleeping juror, she would not have been automatically granted a new trial. To receive a new trial on the preserved error of a sleeping juror, a litigant must show that it was actually prejudiced by the sleeping juror. See Fla. Power Corp. v. Smith, 202 So.2d 872, 879 (Fla. 2d DCA 1967); see also Brooks v. State, 64 So.2d 914, 914 (Fla. 1953) (stating that allegations contained in motions for new trial are "not self proving"). A claim of prejudice cannot be based on mere speculation and conjecture. Smith, 202 So.2d at 879. However, in this case the county court necessarily must have based its conclusion that the tenant was prejudiced on speculation and conjecture because it failed to conduct a hearing to establish whether any prejudice actually resulted from the sleeping juror.[1] The failure to do so here was clearly an abuse of discretion.
Moreover, there is some authority to suggest the trial court's failure to conduct a hearing before granting a new trial deprived the Housing Authority of due process. See Seaboard Coast Line R.R. v. Magnuson, 288 So.2d 302, 303-04 (Fla. 4th DCA 1974) (stating that when a trial court *13 grants a new trial on its own motion for a reason not argued by the parties at trial, due process first requires notice and a hearing). Here, the county court did indirectly what the tenant could not have done directly, i.e., obtain a new trial without an evidentiary hearing.
"In civil jurisprudence it too often happens that there is so much law, that there is no room for justice, and that the claimant expires of wrong in the midst of right, as mariners die of thirst in the midst of water." Charles Caleb Colton, available at http://www.theotherpages.org/unsort05.html (last visited Dec. 11, 2003). Although second-tier certiorari review is clearly narrow, the narrow scope of review should never thwart the ends of justice. Rather, second-tier certiorari review is intended to remedy a miscarriage of justice. See, e.g., Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 528 (Fla.1995). Unfortunately, the majority allows the scope of our review to cause the Housing Authority to "expire[ ] of wrong in the midst of right." This is a miscarriage of justice. I do not agree with the majority that the Housing Authority's "right" to its day in court makes the result "less onerous"the Housing Authority has already had its day in court and prevailed.
The circuit court departed from the essential requirements of the law first by treating the Housing Authority's direct appeal as a petition for certiorari and then by determining the county court had not abused its discretion. Accordingly, I would grant the Housing Authority's petition.
NOTES
[1] The fact that the alleged sleeping juror actually denied having slept during the trial in an interview published in The Tampa Tribune and provided by the Housing Authority in the appendix to its petition serves as further reason that a hearing was necessary in this case before the court could order a new trial. A hearing also would have provided an opportunity for the trial court to dispel the apparent inconsistency in ordering a new trial based on prejudice caused by a sleeping juror and denying a new trial on the ground that the verdict was against the manifest weight of the evidence.