MORRIS, J.,
Concurring specially.
I agree with the majority opinion that this court does not have jurisdiction to review the order on appeal, but I write to express my concern with the language of the applicable statute on which the trial court based its ruling.
First, while we do not have jurisdiction to review the interlocutory order as an appeal, this court has “discretion to treat [the] improperly filed appeal as a petition for writ of certiorari.” Bridges v. Williamson, 449 So.2d 400, 401 (Fla. 2d DCA 1984). However, “ ‘common law certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders.’ ” Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004) (quoting Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098 (Fla.1987)).
Here, the refusal of the trial court to exercise jurisdiction over the dissolution of the corporation, if wrong, would result in material harm that could not be corrected later on appeal of a final judgment entered in the remaining proceedings between Jones and Pfaff. Therefore, the jurisdictional prongs of certiorari review are satisfied. See id.
I cannot conclude, however, that the trial court departed from the essential requirements of the law warranting certiora-ri relief. The departure from the essential requirements of law has been held to be synonymous with an application of incorrect law. Housing Auth. of City of Tampa v. Burton, 874 So.2d 6, 8 (Fla. 2d DCA 2004). The application of the incorrect law will warrant certiorari relief whereas the misapplication of the correct law will not. See id. Here, if the trial court erred, it did so in its application of section 607.1436, which is the correct law. Therefore, cer-tiorari relief would not be appropriate. My concern is with the language of the correct law applicable to this case, section 607.1436.
Jones sought judicial dissolution under section 607.1430, which allows the trial court to dissolve a corporation under certain circumstances, such as when the directors or shareholders are deadlocked, the corporate assets are being misapplied, or the directors are acting in an illegal or fraudulent manner. See § 607.1430(2), (3). In a proceeding for judicial dissolution, a court may “issue injunctions, appoint a receiver or custodian pendente lite with all powers and duties the court directs, take *887 other action required to preserve the corporate assets wherever located, and carry-on the business of the corporation until a full hearing can be held.” § 607.1431(B).
Under section 607.1438, when the trial court has determined that grounds for judicial dissolution exist, the trial court may enter a judgment of dissolution and then “shall direct the winding up and liquidation of the corporation’s business and affairs in accordance with s. 607.1405 and the notification of claimants in accordance with s. 607.1406.” § 607.1433(2).
But before the trial court takes final action on a claim for judicial dissolution, section 607.1436 allows another shareholder, like Pfaff, to elect to purchase the petitioning shareholder’s shares rather than have the corporation judicially dissolved under section 607.1430(2) or (3). See § 607.1436(1). Subsection (4) of section 607.1436 provides that if the parties cannot agree on the fair value of the petitioning shareholder’s shares, the court shall stay the section 607.1430 proceedings for judicial dissolution and determine the fair value. Subsection (5) provides that upon determining the fair value of the shares, the trial court shall enter an order directing the purchase of the shares. Subsection (6) provides that when an order directing the purchase of the shares has been entered, the trial court shall dismiss the petition for judicial dissolution filed under section 607.1430 and that the order on value shall be enforceable as any other judgment.
Subsection (7) of section 607.1436 goes on to provide that the purchase shall become final in ten days unless the corporation “files with the court a notice of its intention to adopt articles of dissolution.” In this case, Pfaff filed such notice rather than purchase Jones’ shares.[1] Subsection (7) provides that when the articles of dissolution are filed, “the corporation shall be dissolved in accordance with the provisions of ss. 607.1405 and 607.1406.” Subsection (7) also provides that “the order entered pursuant to subsection (5) shall no longer be of any force or effect” and that the “petitioner may continue to pursue any claims previously asserted on behalf of the corporation.”
The problem is that subsection (7) of section 607.1436 does not clearly address whether the judicial dissolution action continues in the event that the electing shareholder chooses to not purchase the petitioning shareholder’s shares. It does not use the same language used in section 607.1433, which addresses what a trial court shall do in dissolving a corporation in an action for judicial dissolution. Section 607.1433(2) specifically states that after finding a ground for dissolution and “[a]f-ter entering the judgment of dissolution, the court shall direct the winding up and liquidation of the corporation’s business and affairs in accordance with” sections 607.1405 and 607.1406. On the other hand, section 607.1436(7) simply provides that the corporation shall be dissolved in accordance with sections 607.1405 and 607.1406; it does not provide that the stay should be lifted in the originally filed section 607.1430 action or that the court shall direct the winding up and liquidation of the corporation. It also fails to address or undo the dismissal of the petition for judicial dissolution ordered in subsection (6) of section 607.1436.
In Fierro v. Templeton, 857 So.2d 931, 933 (Fla. 4th DCA 2003), which the trial court relied upon in its order, the Fourth *888 District held that “the language in subsection seven [of section 607.1436] leaves no question that the filing of an intention to adopt articles of dissolution ... automatically nullifies the order [directing the purchase of shares] and triggers the dissolution process without further order of the court.” (Emphasis added.) Under this reading of section 607.1436(7), a fifty percent shareholder, like Pfaff, could avoid judicial dissolution sought by another fifty percent shareholder, like Jones, simply by asserting his intention to purchase the shares but then later filing the notice of intention to adopt articles of dissolution, either because he intended to do so all along or because he was dissatisfied with the determined fair value of the petitioning shareholder’s shares. Depriving the trial court of jurisdiction over the dissolution would deprive the petitioning shareholder, like Jones, of the right to supervision of the trial court over the dissolution, which could include the appointment of a receiver by the trial court or other actions by the trial court necessary to preserve the assets of the corporation. See § 607.1431(3). This seems to be a scenario that the statute does not contemplate and that the legislature would certainly not condone. It thus appears that a legislative fix is in order.

. The statute speaks in terms of the corporation’s filing such a notice. § 607.1436(7). We question whether Pfaff, as a fifty percent shareholder who was at odds with the other fifty percent shareholder, had the authority to file the notice on behalf of the corporation. However, Jones has not raised this issue.